June 2.
Judge Brooke,
delivered the opinion of the court:
The court is of opinion, that the deed of trust from the Buttons, being intended by the parties to it, as additional security for the payment of the note to Barrett or liis assigns, in the order in which they fell due, it followed the notes into the hands of the several holders thereof j and that it was not competent to Barrett, by an assignment of the deed to the appellants, (without the assent of the appellee, to whom the second note had been assigned) to deprive him of his priority of right, to demand a sale of the trust property in the deed, if necessary to the payment of the note so assigned, in the order of payment expressly directed by the deed. No misrepresentation or fraud being imputed to the appellee by the bill, he stands on as equitable ground as the appellant; with this difference, that by the directions of the deed, as assignee of the second note, he has priority of right to be paid out of the trust fund. The deed being assigned to the appellants, gave them full notice of the order, in which the notes were to be paid to Barrett or his assigns, and at least put them on the enquiry, whether the first and second notes had been paid at the time they took the assignment of the third note, and of the deed of trust. By not making that enquiry, if they relied on the trust fund as security for the payment of the note assigned to them, they may have lost their money. However that may be, as against the appellee, to whom no negligence or fraud is imputable, the , coui’t is of opinion that he lias no claim to be preferred» The decree is therefore affirmed.