Moncure, J.
after stating the case, proceeded :
The Court below was of opinion that the assignees were entitled, and dismissed the bill of the attaching creditor. 1 think the Court below was right.
Let us enquire, first, How the case stands between Cox and his assignees ? And secondly, How it is affected by the intervention of the attaching creditor ?
First. How does the case stand between Cox and his assignees ? There appears to have been no agreement between Cox and Snyder & Ford for the payment of the prior incumbrance by the latter out of the purchase money; though Cox may have looked to that as the source from which he was to derive the means of making such payment; and Snyder & Ford had a *536 right to rely upon it as their indemnity against such incumbrance. But Cox on the one hand was bound to discharge the incumbrance, and (dependent on that ob- , , , . ligation) Snyder & Ford on the other were bound to Pay °ff their bonds as they became due : and there was a lien by deed of trust on two undivided thirds of the property to secure the payment of these bonds as they became due to Cox or his assigns. Gwathmeys v. Ragland, 1 Rand. 466. Of the eleven bonds given by Snyder & Ford to Cox, four amounting together to the sum of 7933 dollars 35 cents, became due before the three bonds assigned to J. & A. H. Herr became due; and four amounting together to the same sum became due afterwards. Snyder & Ford having, as before stated, paid to Cox 9363 dollars 49 cents, had more than extinguished the four bonds which became due before the three bonds assigned to J. & A. H. Herr. So that at the time of the sale of the property under the prior incumbrance, two undivided thirds of it were as between Cox and his said assignees, bound in the first place for the payment of the three assigned bonds ; and if Cox had discharged his obligation by paying off the prior incumbrance, the three assigned bonds would have been fully paid out of the proceeds of sale of the said two thirds.
The case then stood thus. The prior incumbrancer had a lien on the whole property. The assignees had a lien on two thirds of it: And the property wás insufficient to satisfy both liens. In this state of things a Court of equity, on the familiar principle of marshal-ling securities, would charge the prior incumbrance first upon the third of the property on which the assignees had no lien, and then upon the other two thirds; so that the property left, after satisfying the prior incumbrance, would be property on which the assignees had a lien and would be applicable to its discharge. And if, as was the case here, the whole property was sold *537 and the proceeds applied to the payment of the prior incumbrance, the surplus would be considered as arising from the sale of the subject on which the assignees had a lien, and be therefore applicable to the payment of the assigned bonds. Cox certainly could not object to this mode of marshalling the securities for the benefit of his assignees. He was bound to indemnify not only them but the obligors against the prior incumbrance.
It is contended by the counsel for the appellant that J. & A. H. Herr must recover as assignees of the bonds at 8, 10 and 12 months, or not at all j and that the record shews that the greater part of these three bonds was paid by Snyder & Ford to Cox without notice of the assignment. I do not think so. The two bonds at two and four months were discharged. The other payments amounting to 5630 dollars 15 cents appear not to have been applied to any particular bonds. If they were applicable to the bonds as they became due, they would still leave due the whole of two and part of the third of the assigned bonds; which would greatly exceed the amount of the surplus in controversy; and the right of the assignees to such surplus would therefore not be affected. But while it might be proper, so far as the obligors are concerned, to apply their payments to the bonds in the order in which they became due, without regard to the assignment of any of them, supposing they had no notice of such assignment, it would not be proper, as between the assignor and the assignees, to apply any of the payments to the assigned bonds. And if such application were made for the benefit of the obligors, the assignees would be entitled to be indemnified out of the bonds remaining in the hands of the assignor.
But secondly, How is the case affected by the intervention of the attaching creditor ? I think not at all. It is well settled that the attaching creditor stands on no better footing as to the thing attached than that on *538 which his debtor stood at the time of the attachment. 2 Rob. Pr. 207, and the cases cited by the counsel for the appellees. In this case therefore the attaching cred-itor Schofield can no more object than can his debtor ^ox £o £*le marshalling of the securities for the benefit of the assignees as before stated.
I think the decree ought to be affirmed ; at least so far as it gives piiority to the assignees over the attaching creditor. But instead of dismissing the bill of the latter, the Court should have given him a personal decree against the absent debtor, according to the case of Williamson v. Gayle, 7 Gratt. 152.
Allen and Daniel, J’s, concurred in the opinion of Moncure, J.
Baldwin, J.
did not see the opinion, but concurred in the decree; which was as follows :
The Court is of opinion, that on the principle of the decision of this Court in the case of Williamson v. Gayle & al., 7 Gratt. 152, there is error in the decree appealed from in this case as between the appellant and the appellee Cox, in dismissing his bill as to the said Cox, instead of giving him a personal decree against that defendant for the amount of his demand and his costs in the Circuit court; but that there is no error in the residue of the said decree. It is therefore decreed and ordered, that so much of the said decree as is above declared to be erroneous, be reversed and annulled, with costs to the appellant against the appellee Cox; and that the residue of the said decree be affirmed with costs to the appellees J. & A. H. Herr. And this Court proceeding to render such decree as the said Circuit court ought to have rendered in lieu of so much of the decree aforesaid as is above declared to be erroneous, it is further decreed and ordered that the appellant do recover against the appellee Cox the sum of two thou *539 sand three hundred and seventeen dollars and eighty-nine cents, with interest thereon from the 11th day of November 1840 till paid, and his costs by him expended in the prosecution of his suit in the said Circuit superior court.