Gantt, J.
This is an aetionlo foreclose a mortgage, and is brought into this court upon appeal from the decree of the district court. The mortgage was executed by the defendant to one W. G. Wilson, January 2,1872, to secure the payment of a promissory note of the same date, executed by the same parties to said Wilson, and payable two years after the date thereof.
The proofs show that on the twelfth day of March, 1872, for a valuable consideration, Wilson sold and assigned the mortgage to one J. T. Deweese, and that on the fifteenth day of March, 1873,= for a valuable consideration, Deweese sold and assigned the note and mortgage to Charles and Nelson Moses. Charles Moses afterwards sold and assigned his interest in the note and mortgage to Nelson Moses, the plaintiff in this action. The note, mortgage, and the assignments, were executed in the state of Ohio, where the parties resided. The mortgaged property is situated in Omaha, Douglas county, in this state; the plaintiff brought his action in that county, and the lex fori must govern as to the remedy.
The main ground of defense alleged and relied on is, that the consideration in the note and mortgage was a patent right for a sewing machine treadle, and the good *520 will and certain personal property of the .“ Champion Manufacturing Company,” doing business in the city of Cleveland, Ohio; that alhthis property was valueless and that under the law of the state of Ohio, the note was not negotiable and was void. The note is as follows:
“$25001 Cleveland, Jan’y 2, 1872.
Two years after date we promise to pay William G. Wilson, or order, twenty-five hundred dollars, value received, with interest at six per cent, per annum.
Geo. W.' Comstock.
Clara L. Comstock.”
It is drawn in the ordinary form of *a negotiable note; the plaintiff purchased it before maturity, in the regular course of business, and paid for it a full consideration without notice of any existent equities between the original parties, or of any defense against it by the payors. Elence, under the well settled, rules of law, so far as the face of the note shows, the plaintiff tools it unaffected by any equities whatever. But it is alleged that the note was given, in part at least, for a patent right, and that the law of the state of Ohio prescribes certain particular words to be inserted in the body of such notes, subjecting a them to all defenses as if owned by the original promisee; and therefore the omission of such words renders the note void.
The rule will not be questioned that, at common law, the purchase-of a patent right is a good consideration for a note; it is said that when the consideration is a license to use and vend an invention regularly patented, the unprofitableness of the invention does not vitiate the note. 3 Am. R., 435. Nash v. Lull, 102 Mass., 60. Therefore, if this defense can be set up, it must be in pursuance of some positive law, and strictly within the purview of such law.
*521 The proofs, however, do not clearly establish the fact that the patent right was any part of the consideration of the note. It may perhaps be inferred from all the transactions between the original parties; but assuming the fact may thus be inferentially deduced from the evidence, as between the original parties, still the assumption will not beneiit the appellants anything, because there is an entire absence of proof tending to show any statute law in force in Ohio as alleged. And “the established doctrine now is that no court takes judicial notice of the laws of a foreign country, but they must be proven as facts.” Story’s Const. Lem, § 637. And again, suppose a statute as alleged was in force in Ohio, at the time of the transaction, it would not vitiate and avoid the note, because the purpose of such law is simply to prevent such-notes from being put into the market as commercial paper, divested of all equities, and imposes a penalty for the omission of the words required to be inserted in the body of the notes. But assume that the note was given for a j>atent right, and that the law as claimed was in force, yet as it is commercial paper, in the ordinary form of a negotiable note, the fact that a patent right was the consideration of the note cannot be set up as a defense against it in the hands of an innocent bona fide holder without notice. In such case the law protects the innocent holder and owner of the note from the neglect or wrong of the original parties. Zimmerman v. Rote, 75 Penn. St., 188.
It is, however, contended that “the note was taken in violation of the statute; that the payee could not enforce it, and of course could not enforce the mortgage securing .it,” and therefore, while the note might not be void in the hands of a bona fide holder, the mortgage is subject to the same defense as if held by the mortgagee. • As already stated there is no proof of any statute in force in Ohio in regard to such notes. But it is further contended that “when the note and mortgage were executed and *522 assigned,” under the laws of Ohio, the mortgage was not negotiable, and “if transferred even to a bona fide holder it would be subject to any defense that could be made against it in the hands of the mortgagee.” This proposition does not necessarily involve a discussion of the law as to the construction of contracts; the lex loei contractus is well established. But the question involved in the proposition relates to a general principle of law in regard to the nature, character and qualities of a mortgage, given to secure the payment of a negotiable note. Is such mortgage in the hands of an innocent purchaser of the note,, without notice, divested of all equities between the mortgagor and mortgagee? In other words, does the doctrine of negotiability inhere in the mortgage just as it does in the note? In support of the proposition, the appellants rely on the case of Smith v. Bailey, 14 Ohio St., 396, in which the opinion of the court was delivered by Judge Kanney; and I think his reasoning upon the question carries great force with it; but the case of Carpenter v. Longan, 16 Wall., 271 (citing a number of authorities), overrules the case of Smith v. Bailey; and the case of Webb v. Hoselton, in our own state, decided at this present term of the supreme court, affirms the doctrine laid down in Carpenter v. Longan.
And now it is not necessary to review the authorities pro and con upon this question, and hence I need only further observe that the doctrine seems now to be established, as the common law rule, that negotiability inheres in the mortgage just the same as it does in the note; and we must be governed by this rule, liowbeit the reasoning of the cases in support of it may fail to satisfy me that a mortgage is not precisely the same instrument, with the same inherent charater and qualities, whether it be made to secure a note negotiable or non-negotiable, or no note at all; or that a mortgage has not a character of its own, as a deed or instrument conveying an equitable title to, *523 or interest in lands, within the purview of the registry acts, the statute of frauds and the general legislation and rules of law relating to landed property, notwithstanding the legal title remains in the mortgagor. Rut under the rule now established, the decree of the court below must be affirmed.
Decree aeeirmed.