HENRY W. KUHNS, PLAINTIFF IN ERROR, V. CHARLES BANKES AND JULIUS TREITSCHKE, DEFENDANTS IN ERROR.

1. **Negotiable Instruments.**    The indorsement and delivery of a negotiable promissory note secured by mortgage carries with it the security.

2. **Verdict against Evidence.**    When a verdict is against the clear weight of evidence it will be set aside.

ERROR to the district court for Douglas county.  Tried below before NEVILLE, J.  The opinion contains a comprehensive summary of the evidence.

*Congdon, Clarkson & Hunt,* for plaintiff in error.

1.  The petition in the foreclosure suit alleges ownership in Kuhns of the Noyes note and mortgage.  This is a mere formal allegation, for the purposes of suit, and an effort was made by Kountze, as appears from his testimony, to have this allegation corrected in accordance with the facts.  There is not a particle of testimony which goes to show that the note and mortgage were assigned in payment of the note sued upon, and Bankes is the only witness who swears that such assignment was made in payment of renewal note, and then only in response to a leading question on the re-direct examination.  The burden of proof is on the defendants, and the weight of evidence is clearly in favor of plaintiff and against the verdict, and the verdict ought to have been set aside.  *Fried v. Remington,* 5 Neb., 525.  *Holland v. Griffith,* 13 Id., 472.  *Smith v. Evans,* Id., 314.  *Dunbar v. Briggs,* Id., 332.  *McDougall v. Giacomini,* Id., 431.

2.  When, in consequence of a misstatement of the pleadings, an instruction has a tendency to confuse or mislead the jury, it is good ground for a new trial.  *Howell & Gibson v. Sewing Machine Co.,* 12 Neb., 177.  *Mut. Hail Ins. Co. v. Wilde,* 8 Neb., 431.  *Mathewson v. Burr,* 6 Neb., 312.

3.  When the jury are misdirected, the presumption is that they were misled, and the verdict is erroneous.  *Noyes v. Shepard,* 30 Me., 173.  *Thatcher v. Jones,* 31 Me., 528, 534.

4.  A wrong instruction is not cured by the subsequent giving of a proper one.  *Wasson v. Palmer,* 13 Neb., 376.

*E. M. Bartlett*, for defendants in error, contended that the assignment of the note and mortgage was a solemn agreement between the parties reduced to writing, that had they been assigned as collateral security the parties would have so 'stated in the written assignment, and the mortgage and note would have been treated as collateral, which never has been the case. The attempt now to vary a written contract at this late day by parol testimony is contrary to law and the justice of the case. 1 Greenleaf Evidence, § 87. Kuhns, through his agent, Kountze, and attorney Hartigan, admit that Kuhns purchased the note and mortgage. Bankes and Treitschke testify the note and mortgage were assigned to Kuhns in payment of the Bankes and Treitschke note. These admissions, repeatedly confirmed by them, have been acted upon by both Bankes and Treitschke, who never derived any benefit from the transaction, and they are protected and the plaintiff is estopped from claiming anything against the defendant. 1 Greenleaf on Evidence, § 207. The purchase will be treated as payment according to the agreement. *Poff v. Gallagher*, 3 E. D. Smith, 507. Taking a third person's note in payment of a prior debt fairly is payment. Edwards on Bills and Notes, 185. Payment of a note is not necessarily a payment of money, but that is payment which the parties contract shall be accepted as payment. *Hoffman v. Walker*, 26 Gratt., 315. 2 Daniel on Negotiable Instruments, § 1221. Checks or notes may be taken as absolute payment for an antecedent debt by an agreement, whether so or not is a question for the jury. 2 Daniel on Negotiable Instruments, 636, note. Edwards on Bills and Notes, 206 and 207.

MAXWELL, J.

In September, 1879, one Noyes, a resident of Cass county, represented to Bankes that he desired to enter into the

grain business with parties in Chicago, and required about $800 to enable him to do so. He thereupon proposed to Bankes to give him his note for $1600, secured by a mortgage upon his homestead in Cass county as security for the loan. Bankes and Noyes jointly employed an attorney to examine the title to the property and prepare the papers. The title being found to be good, Bankes accepted the proposition. Noyes thereupon took the mortgage prepared by the attorney to Cass county, signed his own name to the same, and forged his wife's name thereon, and that of the justice of the peace to the acknowledgment. He then returned to Omaha and delivered his note for $1600 and the forged mortgage to Bankes. The original note and mortgage are in the record, and as the question of assign‧ ment is a prominent feature in the case, it will be well to copy the note. It is as follows:

"$1600.00.　　　　OMAHA, NEB., August 18th, 1879.

"Ninety days after date, we, or either of us, promise to pay Charles Bankes or order one thousand six hundred dollars, for value received, payable at the Omaha National Bank, Omaha, Nebraska, with interest at ten per cent per annum from date until paid. This note is secured by a mortgage of even date herewith.

"E. NOYES."

This note was indorsed by Bankes, and, with the mortgage, delivered to Herman Kountze as collateral security for the payment of a note for $800, signed by Bankes and Treitschke, the loan being made by them for Noyes. At this time it is evident that Bankes, Treitschke, the attorney who prepared the mortgage, and Kountze believed the mortgage to be genuine; but soon afterwards the attorney was notified by Noyes himself that the mortgage was a forgery. At the instance of this attorney, an attorney at Plattsmouth was employed to foreclose the mortgage, the object apparently being to test the question of its validity. The action was commenced in the name of Kuhns, who

through Kountze had made the loan; and the Plattsmouth attorney, evidently, supposing that the mortgage was genuine, requested Kountze to procure a formal assignment of the same from Bankes and Treitschke. A formal assignment was made by Bankes and Treitschke to Kuhns, as they allege, upon the condition that they were to be released from all liability upon the $800 note. On the trial of the foreclosure suit, the court found that the mortgage was a forgery and fraudulent and void, but found the note to be genuine and rendered judgment thereon for the sum of $1946.66 against Noyes. An execution was duly issued on the judgment and returned unsatisfied. An action was thereupon commenced by Kuhns upon the note of Bankes and Treitschke. As a defense to the action they plead that they were released from all liability on the note at the time, and as a consideration for assigning the Noyes mortgage to Kuhns. On the trial of the cause a verdict was returned in favor of the defendants, and judgment rendered thereon. A number of errors are assigned in this court, the principal one being that the verdict is against the weight of evidence.

The testimony shows that the note and mortgage were duly delivered to Kountze as collateral security for the $800 loan. This was an assignment of them to the extent of the loan and interest thereon. A mortgage of real estate may be assigned orally, by mere delivery for a valuable consideration, and the same rule applies to any chose in action. *Ford v. Stuart*, 19 Johns., 342. *Briggs v. Dorr*, Id., 95. *Dawson v. Coles*, 16 Id., 51. *Runyon v. Mersereau*, 11 Id., 534.

The rule in such cases is stated by a late writer as follows: "If no writing passed, the assignment of a debt may be proved by parol, even though there was an agreement unperformed to give a written transfer. It is sufficient proof of a parol assignment that some evidence of the debt, such as a bond or mortgage, or a transcript of judg-

ment, or a note held for the debt or part of it, was delivered to the assignee by the assignor with intent to transfer the title to the demand." Abbott's Tr. Ev., 2. *Hooker v. Eagle Bank,* 30 New York, 83. *Doremus v. Williams,* 4 Hun., 458. 12 Am. Law Reg., 61. So the assignment of a negotiable promissory note, secured by mortgage, carries with it the security. *Webb v. Hoselton,* 4 Neb., 308, and cases cited. And in Daniel on Negotiable Instruments, 557-8, it is said: " The assignment of a debt by whatever form of transfer, carries with it any bill or note by which it is secured, and the converse of the proposition is equally true, that the transfer by indorsement or assignment of a bill or note carries with it all securities for its payment, whether a mortgage or otherwise." This being so, the formal assignment in writing of the mortgage amounted to nothing, and gave Kuhns no additional rights to those that he possessed by the indorsement of the note, and delivery of the same with the mortgage. A material circumstance in connection with the alleged agreement is entirely unexplained. Thus, the alleged agreement is said to have been made with Kountze in the bank—in effect that he agreed to surrender the $800 note of the defendants, and look solely to Noyes and the mortgaged property, in consideration of their making the assignment. The assignment was made as desired; why then was the note not delivered to the defendants in fulfillment of the alleged agreement? That it was neither claimed nor demanded is a strong circumstance tending to show that the alleged agreement never existed. The fact, too, that since the assignment they have admitted their liability upon the note, and promised to pay the same, is well nigh conclusive upon that point. Considerable stress is laid upon the fact that Kountze paid the Plattsmouth attorney his fees for the attempted foreclosure of the Noyes mortgage. Even if Kountze had employed the attorney, which the proof fails to show, he had a right to do so. In

fact, the Noyes note and mortgage were placed in his hands for the very purpose of being subjected to the payment of the defendants' note. The action of foreclosure was instituted for the purpose of subjecting such security to the payment of the same, and every effort, so far as appears, was made by the plaintiff and his agents to collect the amount due, or some portion thereof. So far as appears, the plaintiff and his agent, Kountze, have acted in the utmost good faith throughout the entire transaction. The verdict is against the clear weight of evidence, and, with the judgment, must be set aside, and a new trial awarded.

REVERSED AND REMANDED..

THE other judges concur.