STUDEBAKER BROTHERS' MANUFACTURING CO., APPELLANT, V. THOMAS W. MCCARGUR, APPELLEE.

1. **Mortgage**: ASSIGNMENT OF NOTE. The assignment of one of a series of notes secured by mortgage, without any accompanying transfer of the mortgage, is an assignment *pro tanto* of the mortgage.

2. ———: FORECLOSURE OF PORTION OF SECURITY. Where there are several notes secured by mortgage, the holders are entitled

to share equally in the common fund, and a foreclosure by a holder of a portion of the notes, without making the other holders parties, will not bar the right of such parties to bring an action of foreclosure.

3. ———: LIMITATION. An action to foreclose a mortgage of real estate may be brought at any time within ten years after the cause of action accrues.

APPEAL from the district court of Madison county. Heard below before CRAWFORD, J.

*Robertson & Campbell*, for appellant.

*H. C. Brome*, for appellee.

MAXWELL, CH. J.

On the 6th day of March, 1874, J. D. Brasel and David Gilmer executed a mortgage upon the premises in controversy " in favor of one J. D. Hite; said mortgage being given to secure four promissory notes of even date therewith, executed by Brasel & Gilmer in favor of said Hite; said notes being described in the mortgage as follows:

| One for | $98.00, | due | March | 6th, | 1875 |
|---|---|---|---|---|---|
| " | 100.00 | " | | " | 1876 |
| " | $100.00 | " | | " | 1877 |
| " | $200.00 | " | | " | 1878. |

"All of said notes bearing interest at ten per cent per annum from date. July 12, 1875, J. D. Hite assigned this mortgage to one L. F. Taylor, the assignment, duly acknowledged, being written on the back of the mortgage. December 1st, 1875, L. F. Taylor transferred to Aultman, Miller & Co. the two $100 notes mentioned, one falling due March 6th, 1876, and one falling due March 6th, 1877, and at the same time delivered to them the mortgage assigned to him by Hite, having first written thereon the following words:

" 'NORFOLK, NEB., Dec. 1st, 1875.

" ' I hereby assign all my right, title, and interest to the within mortgage to Aultman, Miller & Co., of Akron, Ohio.                    L. F. TAYLOR.'

" None of these assignments appear to have been recorded until March 18th, 1881, when both were recorded. March 23d, 1878, Aultman, Miller & Co. commenced foreclosure proceedings upon the two one hundred dollar notes assigned to them, and the mortgage in question. A decree of foreclosure was rendered, the premises sold thereunder, Aultman, Miller & Co. being the purchasers, receiving sheriff's deed in November, 1880.

"April 4th, 1883, Aultman, Miller & Co. quit-claimed to the defendant McCargur. McCargur is now in possession of the premises, having received the same from his grantor, Aultman, Miller & Co., who obtained possession November, 1880.

" The regularity of the foreclosure proceedings is not questioned, except that Studebaker Bros.' Manufacturing Co. were not made parties, and had no notice of the pendency of the action. Studebaker Bros. now own the $98 note, and seek in this action to foreclose the mortgage, claiming the same as a security to said note, upon which they now seek to realize.

" They have possession of the note, which is endorsed as follows:

" ' JULY 12th, 1875.

" ' Pay to L. F. Taylor or order.
                    " ' J. D. HITE.'

" Underneath this is the blank endorsement, 'L. F. TAYLOR.'

" This ninety-eight dollar note became due by its terms March 6th, 1875.

" There is no allegation in the pleadings or evidence in the record as to when Studebaker Bros. Manufacturing Co. be-

came the owner of it, except the endorsement above re-. ferred to.

"Aultman, Miller & Co. and the defendant, McCargur, had no knowledge of the whereabouts of said note, of its existence, or as to whether it had been paid or not, until long after the foreclosure proceedings instituted by Aultman, Miller & Co., had been finally determined, except the statement that such note had been given, contained in the mortgage itself.

"Studebaker Bros. Manufacturing Co., plaintiffs herein, have no written assignment of said mortgage nor any evidence of any claim or interest, except the present possession of the ninety-eight dollar note.

"The several questions presented by the above statement of facts are properly raised by the pleadings in the case, and defendant McCargur by his answer also pleads, as against plaintiff's claim, the statute of limitations."

The action was commenced July 30th, 1884.

In those states where it is held that a mortgage is a mere lien for the security of a debt, the assignment of one of the notes by itself, without any accompanying transfer of the mortgage, is an assignment *pro tanto* of the mortgage. Each assignee is, through the mortgage, charged with notice of the equitable interests of all the other assignees. The holder of a part of the notes with a formal assignment of the mortgage acquires no precedence from the fact that he is holding the mortgage. *Walker v. Schreiber*, 47 Iowa, 529. *Sargent v. Howe*, 21 Ill., 148. *Hough v. Osborne*, 7 Ind., 140. *Anderson v. Baumgartner*, 27 Mo., 80. *Cullom v. Erwin*, 4 Ala., 452. *Nelson v. Dunn*, 15 Ala., 501. *Henderson v. Herrod*, 10 Sm. and M., 631. *Gwathneys v. Ragland*, 1 Rand., 466. *Phelan v. Olney*, 6 Cal., 478. *Stevenson v. Black*, Saxt., 338. *Keyes v. Wood*, 21 Vt., 331. *Belding v. Manly*, 21 Vt., 550. 3 Pom. Eq., § 1202.

In some of the states it is held that the assignment of each note, being *pro tanto* an assignment of the mortgage,

that therefore the holders of the successive notes are to be considered in the situation of the holders of successive mortgages upon the same land, their equities among themselves and their rights to enforce the common security not being equal, and the notes not to be paid in the order in which they become due.

In the absence of any stipulation to the contrary, it would seem but justice that all notes given for the same debt and secured by the same lien should at least share *pro rata* in the distribution of the common fund.    This we deem the more just and equitable rule, and adopt the same.    The court, therefore, erred in rendering judgment for the defendant.

2.    An action to foreclose a mortgage on real estate may be brought at any time within ten years after the cause of action accrues.

The judgment of the district court is reversed and a decree of foreclosure and sale will be entered in this court.

DECREE ACCORDINGLY.

THE other judges concur.