LEVI G. TODD, GUARDIAN, APPELLANT, V. ISAIAH L. CREMER ET AL., APPELLEES.

FILED MARCH 16, 1893.     No. 4623.

1. **Assignments to Different Persons of Several Notes Secured by Single Mortgage: FORECLOSURE: DISTRIBUTION OF PROCEEDS.** Where several notes, secured by one mortgage, are transferred to different parties, such transfer amounts to an assignment *pro tanto* of the mortgage, and the several holders thereof will be entitled to share *pro rata* in the proceeds of the mortgaged property.

2. ——: ——: PARTIES: RES ADJUDICATA. A decree of foreclosure, to which the holders of the other notes secured by the same mortgage is not made a party, is not a bar to a subsequent foreclosure proceeding by the holder of such notes.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J.

*Edwin F. Warren, J. C. Watson,* and *C. S. Polk,* for appellant.

*A. N. Sullivan, contra.*

POST, J.

This is an appeal from a decree of the district court of Cass county. The cause of action stated in the petition is substantially as follows: On the 9th day of February, 1885, two of the defendants, Sullivan and McLaughlin, sold to the defendant Cremer the east half of the southwest quarter of section 12, township 10, range 9 east, in Cass county, and as representing the consideration therefor, Cremer executed to them his six promissory notes, secured by mortgage upon the real estate above named, which was duly filed for record; one of said notes is for $500, maturing March 1, 1886, the others are for $300 each, and maturing March 1, 1887, March 1, 1888, March 1, 1889, March 1, 1890, and March 1, 1891; that the two notes last described were, before maturity thereof, transferred by said Sullivan and McLaughlin to plaintiff, and indorsed without recourse, and that said notes were received by the plaintiff as guardian of Thomas Lindsey, an insane person; that prior to February 10, 1888, said Sullivan and McLaughlin indorsed and transferred three of said notes, to-wit, those maturing March 1, 1887, March 1, 1888, and March 1, 1889, to the defendants, Geo. E. Dovey, Oliver Dovey, Horatio Dovey, and Mrs. E. G. Dovey, doing business in the firm name of E. G. Dovey & Son, who, on said 10th day of February, 1888, filed a petition in the district court of Cass county, in their firm name of E. G. Dovey & Son, for the foreclosure of the mortgage aforesaid; that neither plaintiff, nor his said ward, were

made parties to said foreclosure proceeding; that at the
April term, 1888, Cremer having made default, a decree of
foreclosure was entered in favor of the plaintiffs therein for
the sum of $915 and costs; that on the expiration of a stay
of execution allowed on the application of Cremer, an
order of sale was issued on said decree, by virtue of which
the mortgaged property was sold to said E. G. Dovey &
Son for the sum of $850, which sale was subsequently con-
firmed and a deed executed and delivered in pursuance of
said order. It is further alleged, that at the time of the
foreclosure sale there was of record two mortgages, which
were apparent liens upon said premises, to-wit, one in
favor of the Phœnix Mutual Life Insurance Company for
$350, and one in favor of Joseph Weckbach for $900, both
executed by remote grantors of Sullivan and McLaughlin,
but which had both been paid and satisfied in full, as the
last named defendants well knew; but that said defend-
ants, conspiring with the defendants Dovey, to defraud the
plaintiff and his ward, procured the said mortgages to be
deducted from the value of said land as prior liens, by
reason of which it was sold for the nominal sum of $850,
when it was in fact worth quite $3,000. It is also alleged
that the said decree of foreclosure is void as to the plaint-
iff, by reason of the fraud alleged, and for the further rea-
son that he was a necessary party thereto, and that it casts
a cloud upon the title of the premises to his damage, and
for which he has no adequate remedy at law. The prayer
is for a vacation of the decree of foreclosure and sheriff's
sale, and for an accounting and foreclosure of the mortgage,
and for general equitable relief.

The defendants, except Cremer, who made default, join
in an answer which need not be examined, but which puts
in issue all of the allegations of fraud and conspiracy.

On the hearing, the district court, in addition to a
general finding for the defendants, found the following
facts:

Todd v. Cremer.

"1st. That the allegations of fraud and conspiracy made against the defendants is not sustained by the evidence, and that the evidence shows that there was no conspiracy entered into to defraud the plaintiff and his ward.

"2d. That defendants did not take any undue advantage of the plaintiff and his ward in the sale of the east half (E. $\frac{1}{2}$) of the southwest quarter, or (S. W. $\frac{1}{4}$), of section twelve (12), township ten (10) north, range nine (9), in Cass county, Nebraska.

"3d. That said east half (E. $\frac{1}{2}$) of the southwest quarter (S. W. $\frac{1}{4}$) of section twelve, township ten (10) north, range nine (9), in Cass county, Nebraska, is worth the sum of $3,000, and that plaintiff and his ward, not having been made a party defendant in the foreclosure action of E. G. Dovey & Son v. Isaiah L. Cremer, have lost no rights by reason of said action, and that said mortgaged premises are ample security for plaintiff's said demand."

We are not called upon to review the findings of the district court for the reason that the allegations of fraud are wholly irrelevant to the real issue in the case. It is manifest that plaintiff is not concluded by the decree of foreclosure and that he is entitled to share *pro rata* with the holders of the several notes secured by the mortgage. (*Studebaker Mfg. Co. v. McCargur*, 20 Neb., 500.) It also appears from the allegations of the petition that the mortgaged property is ample security for the notes held by plaintiff.

2. We think the plaintiff is entitled to an accounting and foreclosure of the mortgage, and that the decree should be modified in that respect. The petition contains all of the allegations necessary to entitle him to that relief while the necessary parties are all before the court. We are disposed to regard the action as a foreclosure proceeding rather than as one for the purpose of relief on the ground of fraud. The cause will therefore be remanded with directions to the district court to allow an accounting between the parties

31

and a decree of foreclosure of the mortgage described in the record. In other respects the decree is affirmed.

MODIFIED AND AFFIRMED.

THE other judges concur.