CHARLES H. GOODWIN, APPELLANT, V. LYMAN B. CUNNINGHAM ET AL., APPELLEES.

FILED FEBRUARY 17, 1898.    No. 7787.

1. **Mechanic's Lien: MORTGAGE: PRIORITY.** The lien of a mortgage taken while a building is in process of erection on the land mortgaged is subject to mechanics' liens for work commenced, or material the furnishing of which was begun, before the mortgage was recorded.

2. **Transfer of Note: MORTGAGE.** The transfer of a note secured by mortgage carries with it the mortgage, and operates as a transfer thereof, without the necessity of any formal or written assignment.

3. **Mortgages: FORECLOSURE: PARTIES: RES JUDICATA.** A suit was brought to foreclose a senior lien. The original holder of a junior

mortgage was made a party, but the mortgage had been assigned and the assignee was not a party. The assignment was not of record. *Held,* That the decree in that suit did not bar the assignee's rights.

4. **Limitation of Actions.** When a statute confers a right of action not exis ing at common law, and limits the duration of that right, such limitation relates not only to the remedy, but extinguishes the right itself.

5. **Mechanics' Liens:** LIMITATIONS. The provision in the mechanics' lien law, whereby the lien is limited to two years after the filing of the claim, is a limitation upon the existence of the lien, and not merely upon the remedy to enforce it.

6. ———: JUNIOR LIENORS. A junior incumbrancer who was not a party to a suit to foreclose a mechanic's lien will not, after the extinction of that lien by lapse of time, be required to redeem from the purchaser at the void sale as a condition of enforcing his own incumbrance.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Reversed.*

*W. L. Hand,* for appellant.

*Dryden & Main, contra.*

IRVINE, C.

July 10, 1890, Cunningham made to the Mutual Loan & Investment Company his promissory note for $2,000 and executed a mortgage securing the same on certain property in Kearney. Almost immediately thereafter the note was indorsed to the Essex National Bank of Haverhill, Massachusetts, and, with the mortgage, delivered to that bank. The bank soon thereafter sold the note and transferred it by indorsement to the plaintiff Goodwin. In April, 1890, one Hibberd, under a contract with Cunningham, had begun the erection of a building on the premises in controversy. November 14, 1890, and within the statutory period, he filed his claim of lien. In such case the mechanic's lien is superior to the mortgage. One dealing with the property is bound to take notice of materials furnished or work done thereon for the erection of

a building, and, provided the lien is perfected by filing a claim within the time fixed by statute after the material has been furnished or the work completed, such lien has priority over a mortgage given after the inchoate lien has attached but before the claim is filed. (*Doolittle v. Plenz*, 16 Neb. 153; *Henry & Coalsworth Co. v. Fisherdick*, 37 Neb. 207; *Bohn Sash & Door Co. v. Case*, 42 Neb. 281; *Chapman v. Brewer*, 43 Neb. 890.) November 8, 1890, a subcontractor under Hibberd had begun suit to foreclose his lien, making Hibberd a party. The Mutual Investment Company was also made a defendant, but neither the Essex Bank nor Goodwin was a party to that suit. The case proceeded to decree of foreclosure, the decree being rendered September 1, 1891. There was a sale under this decree October 5, 1892, which was confirmed some time later than December 23. The precise date does not appear, nor is it material. The property was bought by Robertson, as trustee for the First National Bank of Kearney. A sheriff's deed was made to him January 4, 1893, and filed for record January 14. At the time the note was sold there was no assignment formally made of the mortgage, but one was executed June 23, 1891, from the investment company directly to Goodwin. This was filed for record October 10, 1892. It will thus be seen that the mechanic's lien was superior to the mortgage, that the holder of the mortgage was not a party to the suit to foreclose, and that there was no assignment of the mortgage on record until after the sale, but that one was recorded before the sale was confirmed, and of course before the sheriff's deed was recorded. April 21, 1893, this action was begun by Goodwin to foreclose the mortgage. Robertson and the First National Bank were made defendants under an allegation that they claimed some interest in the property, but that such interest was junior to that of the plaintiff. Robertson answered setting up Hibberd's lien, its foreclosure, and the sale and purchase by him. Plaintiff replied by denials and by a plea that the lien was barred by the statute, and that

plaintiff's rights had not been barred by the foreclosure suit. No offer to redeem was made. The district court dismissed the case and plaintiff has appealed.

Certain principles, controlling the decision of this case, have become so well established by past adjudications of this court that, except perhaps in one particular, no field remains for the discussion of the questions involved from the standpoint of general legal principles. The decisions referred to have become rules of property, from which it is now too late to depart, whether or not they may be found to always lead to an equitable adjustment of rights. In the first place, where a note is secured by a mortgage, the transfer of the note carries the mortgage with it, and operates *ipso facto* as an assignment of the mortgage itself. (*Webb v. Hoselton*, 4 Neb. 308; *Moses v. Comstock*, 4 Neb. 516; *Kuhns v. Bankes*, 15 Neb. 92; *Studelaker v. McCargur*, 20 Neb. 500; *Burnett v. Hoffman*, 40 Neb. 569; *State Bank v. Mathews*, 45 Neb. 659; *Todd v. Creamer*, 36 Neb. 430; *Cram v. Cotrell*, 48 Neb. 646.) It would seem to follow from this rule, so early established that Judge GANTT, in 1876, while expressing his disapproval thereof, regarded it fixed in the jurisprudence of the state (*Moses v. Comstock, supra*), that as no formal, and even no written, assignment is necessary, none need be recorded to protect the rights of the assignee; and so it has been expressly decided. (*Cheney v. Janssen*, 20 Neb. 128.) That was a suit to foreclose a mortgage, brought by an assignee by indorsement of the notes. In a suit against the original mortgagee, after the notes had been sold, a decree had been rendered canceling the mortgage. It was held that this was no bar, because the assignee was not a party, and a decree of foreclosure was ordered. It is true that it has since been held that where a release of the mortgage has been entered of record by the original mortgagee, a purchaser, without notice of the assignment, takes the land discharged from the lien of the mortgage. (*Whipple v. Fowler*, 41 Neb. 675; *Cram v. Cotrell, supra*.) This line of cases merely indicates a refusal

of the court to extend the doctrine of secret assignments beyond the limits marked by the earlier decisions, and in nowise tends to overrule those decisions. Indeed in *Cram v. Cotrell* their force was recognized, and they were followed. An observance of the principles so far stated renders *Ballard v. Thompson,* 40 Neb. 529, decisive of the remaining questions. In that case there had been an attempt made to make the original mortgagee a party to the suit to foreclose the mechanic's lien, but no summons, issued within two years from the time the claim of lien was filed, was served upon him. As the recording of an assignment is not necessary to require the assignee to be made a party in order to bind him by the decree, the case was therefore the same as this in legal effect. It does not appear in that case that there had been any sale under the first decree, and therefore, the lienor having established his claim within time against the owner, a decree was ordered subordinating that lien to the mortgage. No redemption was offered or required. It follows from the decree there rendered that when the suit to foreclose the junior lien is brought after the statute has barred the mechanic's lien, it is not necessary to offer to redeem from that lien, but that a decree of foreclosure will be allowed without redemption. The reason may be found in the nature of mechanics' liens and in the character of the special limitation with regard to them. The distinction is everywhere recognized between statutes of limitation proper, which bar the remedy but do not extinguish the cause of action, and statutes which terminate the right itself. Of the latter class, it is said, they are more than a statute of limitations. They constitute a rule of property. (*Pulliam v. Pulliam,* 10 Fed. Rep. 76.) To this class belong statutes conferring a right which does not exist at common law, and at the same time fixing a time within which alone the right may be asserted. Such a right "must be accepted in all respects as the statute gives it." (*Taylor v. Cranberry Iron Co.,* 94 N. Car. 525.) The limitation in such case not only "affects the

remedy, but extinguishes the right." (*Cooper v. Lyons*, 9 Lea [Tenn.] 597.) "There is another class of cases in which a cause of action which does not exist at common law is created by the laws of a state. Causes of action of that character only exist in the manner and form and for the length of time prescribed in the statutes of the state which created them." (*Finnell v. Southern K. R. Co.*, 33 Fed. Rep. 427.) "Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right." (*The Harrisburg*, 119 U. S. 199.) This distinction has been recently recognized and enforced by this court with regard to a statute giving a right of action against a county for injuries sustained from defective bridges, and prescribing a very short time within which the action must be brought. (*Bryant v. Dakota County*, 53 Neb. 755.) The peremptory language of the statute with regard to the foreclosure of tax liens has also led to decisions that by the lapse of time not only the remedy is lost, but that the right itself is extinguished, and that no redemption is necessary in order to obtain relief against them when the bar has attached. (*Alexander v. Shaffer*, 38 Neb. 812; *Helphrey v. Redick*, 21 Neb. 80; *D'Gette v. Sheldon*, 27 Neb. 829; *Warren v. Demary*, 33 Neb. 327; *Force v. Stubbs*, 41 Neb. 271.)

Mechanics' liens are the creature of statute. The statute creating them (Compiled Statutes, ch. 54, art. 1, sec. 3) provides that they "shall from the commencement of such labor or the furnishing of such materials for two years after the filing of such lien operate as a lien on the several descriptions of such structures," etc. By section 4 it is provided that "when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit be finally determined and satisfied." The language of each section refers to the existence of the lien, and not merely to the enforcement thereof, and section 4, expressly continuing the lien

in force pending a suit and until satisfaction, would be unnecessary and meaningless if the limitation in section 3 was only of the remedy and left the lien in existence, but merely incapable of affirmative enforcement. It was at one time held that if a suit were brought against any one within the statutory period, other parties might be brought in after its expiration and the lien enforced against them. (*Manly v. Downing*, 15 Neb. 637.) But that case was long ago expressly overruled, and it is now settled by a long line of decisions that a mechanic's lien cannot be continued in force beyond the statutory period of two years, except as to such persons, including mortgagees, as are made parties to an action to foreclose within that period, and served with summons issued within that time. (*Green v. Sanford*, 34 Neb. 363; *Burlingim v. Cooper*, 36 Neb. 73; *Ballard v. Thompson, supra; Scroggin v. National Lumber Co.*, 41 Neb. 195; *Pickens v. Polk*, 42 Neb. 267; *Monroe v. Hanson*, 47 Neb. 30.) In some of those cases language is used which is customarily employed with reference to limitations of actions proper, but in most of them the language of the statute has been regarded, and reference has been made to the duration of the lien. A possible exception is the case of *Scroggin v. National Lumber Co.*, in which the opinion was written by the present writer. There the question involved was the necessity of pleading the statute, and the requisites of such a plea. Whether such a restriction on the right itself must be specially pleaded, as if it were a limitation of the remedy, is a question not involved in this case; but in so far as the case referred to may imply that the restriction of this statute is merely a limitation of the remedy, it is not in harmony with the current of our decisions or the language of the statute, and must be disapproved. A party seeking relief against a lien which still exists, but which the holder cannot enforce because of the bar against the remedy, must do equity by offering to redeem, or pay what is justly due; but that principle does not extend so far as to require him to pay a former lien which

is absolutely extinguished, and arising out of a debt for which he is not personally responsible.

The judgment of the district court must be reversed and the cause remanded with directions to award a fore-closure.

REVERSED AND REMANDED.