PORTSMOUTH SAVINGS BANK, APPELLANT, V. BERNARD
RILEY ET AL., APPELLEES.

FILED APRIL 8, 1898.   No. 7972.

1. **Appeal**: COMPETENCY OF EVIDENCE.  In reviewing a judgment on
appeal this court will not presume that the district court consid-
ered incompetent evidence.

2. **Mechanic's Lien**: ACCOUNT: EVIDENCE.  That one has furnished
labor or material towards the erection of an improvement upon
real estate, and is therefore entitled under the statute to a lien
thereon, cannot be established solely by putting in evidence the
verified account of items of labor or material which he has filed
in the office of the register of deeds for the purpose of obtaining
such lien.

3. ——: ——: ——.  Such an account is not even *prima facie* evi-
dence that the labor or material has been furnished, nor that the
claimant has a lien upon the real estate.

4. ——: ——.  The object of the statute in permitting such an ac-
count to be filed for record is to apprise persons dealing with the
real estate of the existence of such claim for a lien.

5. ——: FORECLOSURE: NATURE OF ACTION.  A suit to foreclose
mechanic's lien is not an action *in rem*, in such sense that the dis-
position made by the court of the real estate involved therein is
binding upon persons not parties to such suit, who have unre-
corded liens against the same, acquired prior to the pending of the
foreclosure suit.

6. ——: MORTGAGE: PRIORITY.  Riley executed a mortgage on his real

estate to an investment company. The mortgage was recorded
and soon afterwards assigned to a savings bank, but it did not
record its assignment. Subsequently a material-man filed a veri-
fied account of items of material which he alleged he had furnished
Riley for the erection of an improvement upon such real estate
prior to the date of the execution of such mortgage. He subse-
quently brought suit to have established and foreclosed this me-
chanic's lien, making Riley and the original mortgagee, but not
the savings bank, parties. The action resulted in a decree giving
the material-man a lien upon the real estate prior to the mortgage.
Subsequently the savings bank brought suit to foreclose its mort-
gage. *Held*, That the priority of the mechanic's lien to the mort-
gage could not be established solely by the introduction in evidence
of the decree pronounced in the foreclosure case.

7. **Judgment.** A judgment is a binding adjudication upon all parties
to the suit in which it was rendered, and upon all persons who
claim an interest in the property involved therein through any
party to that suit acquired after the action was pending.

APPEAL from the district court of Douglas county.
Heard below before AMBROSE, J. *Reversed.*

*John W. Lytle,* for appellant.

*Ed P. Smith* and *James B. Sheean, contra.*

RAGAN, C.

On October 2, 1888, Bernard Riley was the owner of
lot 3, in block 12, in Schull's Second Addition to the city
of Omaha. On that date Riley, being indebted to the
Kimball-Champ Investment Company, executed and de-
lievered to said company his two notes, one for $3,000 and
one for $150. These notes were payable to the order of
the investment company and due five years after date.
On October 2, Riley, to secure the payment of said notes,
executed and delivered to the investment company two
mortgages upon the above described real estate. The one
securing the $3,000 note was made the first, and the one
securing the $150 note was made the second, lien upon
the premises. These mortgages were duly recorded about
the date of their execution. On October 13, 1888, the in-
vestment company sold, assigned, and delivered the said
$3,000 note and the mortgage securing the same to the

Portsmouth Savings Bank, a New Hampshire corporation. But the savings bank did not record its assignment until October, 1891. After the recording of the mortgages made by Riley to the investment company, and before the recording of the savings bank's assignment of the $3,000 mortgage, M. A. Disbrow & Co. brought a suit in the district court of Douglas county against Riley to have established and foreclosed a lien which they claimed for labor and material furnished Riley for the erection of improvements upon said premises. The investment company and a number of others, who claimed liens for labor and materials furnished Riley in erecting said improvements, were made parties to this action. In this suit the investment company filed an answer, in the nature of a cross-bill, in which it alleged its ownership of both the $3,000 and the $150 mortgages; claimed that said mortgages, by reason of defaults on the part of the mortgagor, had become due; claimed that they were first and second liens, respectively, upon the real estate, and prayed that they might be foreclosed. Disbrow and the other mechanics' lien claimants insisted that their liens were prior to the investment company's mortgages. The suit resulted in a decree giving Disbrow and the other mechanics' lien claimants first liens upon the property to the amount of about $1,800, and making the $3,000 mortgage the second and the $150 mortgage the third lien upon the property, and ordering it sold to satisfy the amount found due the mechanics' lien claimants and the two mortgages. The property was sold under this decree and purchased by the investment company for the amount found due the mechanics' lien claimants, with interest and costs, such sale confirmed, and a deed executed by the master for the real estate to the investment company. At the time this suit was brought the savings bank was the owner and in possession of the $3,000 note and the mortgage securing the same. It was not a party to that suit and it had no knowledge or notice of it. In October, 1891, after the investment company had ac-

quired the legal title to the real estate, as already stated, the savings bank filed in the office of the register of deeds of Douglas county the assignment of the $3,000 note and mortgage made to it by the investment company. Subsequent to that date, in May, 1893, one Hendee brought suit against the investment company and caused this real estate to be attached. This suit resulted in Hendee's obtaining a judgment against the investment company for something like $900, an order sustaining the attachment and ordering the property sold to satisfy the judgment. This was done. One Smith purchased this property at the execution sale and subsequently conveyed it to George Hendee, who now owns it. After all these occurrences, to-wit, in September, 1894, the savings bank brought this suit to foreclose the $3,000 mortgage assigned to it by the investment company, making Riley and Hendee and other parties, whose names it is not necessary to notice, defendants to the action. The suit resulted in the district court's finding that the mechanics' claims hereinbefore referred to were the first liens upon the real estate and superior to the $3,000 mortgage thereon; that the investment company, by purchasing said real estate at the mechanics' lien foreclosure sale and paying off the said mechanics' liens, because subrogated to the liens which the mechanics held against the real estate; that Hendee, by purchasing the real estate in the attachment suit against the investment company, acquired the latter's interest and lien upon the real estate, which lien was prior to the $3,000 mortgage; and that the amount due the savings bank on its mortgage was subordinate to Hendee's lien. The court decreed that the real estate be sold and the proceeds applied to the discharge (1) of the amount found due Hendee, and (2) to the amount found due the savings bank. From this decree the savings bank appeals.

1. It may be that the investment company, by purchasing this real estate at the mechanics' lien foreclosure sale, became subrogated to the lien against the real estate

which the mechanics had; and it may be true that the investment company could assert this lien or interest in the real estate, so acquired by subrogation, even as against the savings bank. Whether it could do so would, of course, depend upon the contract existing between the savings bank and the investment company. A paper was introduced in evidence on the trial which shows, or tends to show, that the investment company, at the time of assigning its mortgage to the savings bank, warranted the mortgage to be a first lien upon the real estate. If this was the contract relied upon by the savings bank when it purchased this mortgage, then, of course, the investment company could not be heard to assert a lien or title to this real estate as against the savings bank's mortgage. But the record contains no competent evidence of any agreement between the savings bank and the investment company that the latter guarantied the mortgage in controversy to be the first lien upon the property. No attempt was made on the trial to prove the execution of the paper referred to. It was, therefore, incompetent evidence, and we must presume that it was not considered by the district court. The record discloses nothing whatever which would prevent the investment company from asserting the mechanics' liens, which it had paid off on this property, as against the savings bank's mortgage.

2. If, then, the claims of the mechanics for labor and material furnished Riley were liens upon this real estate prior to the $3,000 mortgage, the record now here sustains the decree, and it must be affirmed. But is the finding of the district court that these mechanics' claims for labor and material were liens upon the real estate prior to the $3,000 mortgage sustained by the evidence? The only evidence offered on the trial, for the purpose of showing that these mechanics' claims were prior liens upon this real estate, consisted of the verified accounts of items of labor and material, alleged to have been furnished, filed in the office of the register of deeds by the mechanics' lien claimants, to procure their liens, and the

complete record of the mechanics' lien foreclosure suit already referred to. That one has furnished labor or material towards the erection of an improvement upon real estate, and is, therefore, entitled under the statute to a lien on such real estate, cannot be established solely by putting in evidence the verified account of items of labor or materials which he has filed in the office of the register of deeds for the purpose of obtaining such lien. The statute which permits the filing for record of a verified account of the items of labor and material furnished for an improvement upon real estate does not make such an account even *prima facie* evidence that the labor or material has been furnished, nor that the claimant has a lien upon the real estate. The object of the statute in permitting or requiring such an account to be filed for record is to appraise persons dealing or about to deal with the real estate of the existence of the claim. (*Wakefield v. Latey,* 39 Neb. 285.) The introduction in evidence then in the case at bar of the so-called mechanics' liens which were filed against this property afforded no evidence whatever that the labor and material had been furnished by the lien claimants or that they had any liens upon this real estate.

3. The decree pronounced in the mechanics' lien foreclosure suit which determined that the claims of these mechanics were superior liens to the $3,000 mortgage was and is a binding adjudication upon all parties to that suit, and all persons who claim any right, title, or interest in the property involved therein through any party to that suit acquired after it pended. The lien of the savings bank upon this property was acquired from the investment company, a party to this suit, and had the savings bank obtained the assignment of the mortgage from the investment company after the foreclosure suit was pending, then, doubtless, the savings bank would have been bound by the decree rendered in that action. But the savings bank took its assignment of the mortgage in controversy from the investment company long before

this mechanics' lien foreclosure suit was instituted, and as it was not a party to that suit, it is not bound by the decree rendered therein; and that decree, in so far as it determined that the mechanics' liens were superior to its mortgage, was, as to it, a nullity; and that these mechanics' claims were, as a matter of fact and law, liens upon the real estate superior to the lien of the savings bank's mortgage could not be proved simply and solely by the introduction in evidence of the decree pronounced in the mechanics' lien foreclosure case. This mechanics' lien foreclosure case was not an action *in rem* in such sense that when the district court acquired jurisdiction over the property its disposition thereof bound all the world. It was a *quasi in rem* action, and the court had jurisdiction over the property involved therein; but the lien of the savings bank thereon by virtue of its mortgage was of such a nature that the court could not divest that claim without jurisdiction over the person of the savings bank. (*Freeman v. Alderson*, 119 U. S. 185; *Martin v. Darling*, 3 Atl. Rep. [Me.] 118; *Todd v. Cremer*, 36 Neb. 430; *Connell v. Galligher*, 36 Neb. 749; *Monroe v. Hanson*, 47 Neb. 300; see the rule stated and the authorities collated in 2 Black, Judgments sec. 600; *Goodwin v. Cunningham*, 54 Neb. 11, and cases cited therein.) The precise question under consideration was presented to the supreme court of the state of Minnesota in *Corser v. Kindred*, 42 N. W. Rep. [Minn.] 297, and the court summed up its conclusion in the syllabus as follows: "A decree enforcing a mechanic's lien held incompetent to prove the existence of the lien prior to the date of the decree as against one holding a mortgage prior to that date who was not a party to the action." Because, therefore, the finding of the district court that the claims of the mechanics were liens upon the property in controversy prior to the lien of the mortgage of the savings bank is unsupported by any competent evidence, its decree must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.