EQUITABLE LAND COMPANY, APPELLEE, V. THOMAS S. ALLEN, APPELLANT.

FILED MAY 21, 1909. No. 15,707.

1. **Mortgages:** FORECLOSURE OF JUNIOR MORTGAGE. In an action by a junior mortgagee to foreclose his lien, a senior mortgagee whose mortgage is past due is a proper party, but, if the latter mortgage was given to secure the payment of negotiable promissory notes which were sold and transferred before the commencement of said action, the transferee will not ordinarily be precluded by the foreclosure from asserting his lien in an independent action.

2. ——: FORECLOSURE: REDEMPTION. If a junior lienor is not made a party to the foreclosure of a superior lien, he may redeem from the decree.

3. ——: ——: PRIORITIES. If a lienor holds a first and third lien on real estate, and forecloses without making the holder of an intermediate lien a party, the latter, after offering to redeem from the first lien, may prosecute an action in foreclosure, making the first named lienor, as well as the holder of the equity of redemption, a party, and the court in said action should settle the rights and priorities of all the parties, and, if all parties in interest are before the court, the first decree will be merged in the later one, and a recitation vacating the first decree will not be reviewed in this court where it is apparent that the parties thereto were not prejudiced thereby.

APPEAL from the district court for Perkins county: ED L. ADAMS, JUDGE. *Affirmed.*

*Samuel J. Tuttle,* for appellant.

*B. F. Hastings* and *Tibbets, Morey & Fuller, contra.*

ROOT, J.

In 1893 White and wife owned the land described in the pleadings, and executed to the McKinley-Lanning Loan & Trust Company, a corporation, their negotiable

promissory note due in five years with annual interest
coupons, and secured the payment thereof by a mortgage
upon the aforesaid real estate.   The mortgage was duly
recorded.   In 1894 White and wife executed a mortgage
subject to all subsisting liens upon said land to Kimble G.
Smith.   Subsequently Smith purchased a tax lien upon
said premises.   In 1898 the note first described, for value,
became the property of the Equitable Land Company, a
corporation, plaintiff herein.   The mortgage was also as-
signed, but the assignment was not recorded.   In July,
1901, Smith commenced an action in the district court to
foreclose his mortgage and tax lien, making the Whites
and the McKinley-Lanning company sole defendants, and
in October of the same year a decree was rendered by
default in his favor against all of said defendants.   There-
after the land was advertised for sale, but for various rea-
sons was not sold.   In October, 1902, the Equitable Land
Company commenced an action in the district court to
foreclose its said mortgage, and therein made the Whites,
said Smith, John Doe and the McKinley-Lanning Com-
pany defendants.   February 23, 1903, the Equitable Land
Company commenced another action in said court against
Smith alone to vacate his decree, and for the purpose
of making the Equitable company a defendant therein
and to foreclose its mortgage.   Said plaintiff offered
to redeem the land from Smith's tax lien.   No answers
were ever filed in the foreclosure suit instituted by
the Equitable Land Company.   The court consolidated
both actions of the Equitable Company, and, after trial,
vacated the decree of foreclosure rendered in favor of
Smith, and found that he had a first lien on the land by
virtue of his tax certificate; that the Equitable company's
mortgage constituted a second lien and the Smith mort-
gage a third lien, and substituted Mr. Allen for Smith,
the court having been satisfied in some manner that such
substitution was proper.   The Equitable company was
given the right to redeem from said tax lien, and all liens
were foreclosed.   Mr. Allen appeals to this court.

As we understand counsel's argument, he claims that Smith did not commit any fraud in procuring his decree of foreclosure; that the facts alleged in the petition to vacate that judgment are not sufficient to authorize relief in equity or under the code, and therefore the decree is contrary to law and should be reversed. Counsel concedes that, as the Equitable Company was not a party to the Smith foreclosure, it was not bound thereby, and, as against the holder of the equity of redemption or a junior lienor, it had the right to foreclose its mortgage notwithstanding the former action. *Studebaker Mfg. Co. v. McCargur,* 20 Neb. 500; *Todd v. Cremer,* 36 Neb. 430. To the extent that Smith by virtue of his tax purchase may be said to be the senior lienor, plaintiff had the right to redeem. *Renard v. Brown,* 7 Neb. 449; *City of Lincoln v. Lincoln Street R. Co.,* 75 Neb. 523. Plaintiff recognized Smith's superior lien to the extent of his tax purchase, and before as well as during suit offered to redeem therefrom. The decree appealed from is the only one rendered in an action wherein all parties in interest were before the court.

So much of the decree as foreclosed the liens of the various parties and fixed their priorities was confessed by Mr. Allen's predecessor in interest by his failure to answer to plaintiff's petition in foreclosure. If the Equitable company had been a party to Smith's action, the last decree of foreclosure would measure the rights of the parties and prevail in so far as it might conflict with the former. *Sharon v. Sharon,* 84 Cal. 424; *Cooley v. Brayton,* 16 Ia. 10; *Stoltz v. Coward,* 10 Tex. Civ. App. 295.

For much stronger reasons, the last decree rendered fixes the rights of all parties thereto, and overrides the first decree, and it is immaterial under the facts in this case whether the court in the last decree vacated the former one or not.

The judgment of the district court therefore is

AFFIRMED.