VINCE KESS, INC., APPELLEE, v. KRUEGER CONSTRUCTION COMPANY AND UNIVERSAL SURETY COMPANY, APPELLANTS.

276 N. W. 2d 669

Filed March 20, 1979. No. 41928.

Mark A. Hunzeker of Pierson, Ackerman, Fitchett & Akin, for appellants.

Bailey, Polsky, Huff, Denney & Cada and James D. Smith, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and CASE and FUHRMAN, District Judges.

FUHRMAN, District Judge.

This is a suit brought by appellee, Vince Kess, Inc., for the foreclosure of a mechanic's lien which had been transferred to other security. The appellants, Krueger Construction Company and Universal Surety Company, demurred to the amended petition of appellee. The demurrer was overruled. Appellants elected to stand on their demurrer, and judgment was entered in favor of appellee in the sum of $378.92 with interest at 9 percent plus the sum of $3.25 and costs. Appellants appeal from said judgment.

The appellee sold and delivered supplies and materials to Chuck Tramp Drywall, a subcontractor of the appellant, Krueger Construction Company, which were used in the construction of a house on "Lot Ten (10), Block One (1), Prairie Acres, Lincoln, Lancaster County, Nebraska."

The first issue raised by the appellant is whether a person who furnishes material to a subcontractor of a contractor is entitled to a mechanic's lien under the provisions of section 52-102, R. S. Supp., 1978.

Section 52-102, R. S. Supp., 1978, provides in part:

"Any person or subcontractor who shall * * * furnish any material * * * for any of the purposes mentioned in section 52-101, to the contractor, or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him from such contractor for such * * * material * * * within four months from the * * * furnishing such material * * *. If the contractor does not pay such person or subcontractor for the same, such subcontractor or person shall have a lien for the amount due * * * and the risk of all payments made to the original contractor shall be upon the owner until the expiration of the four months hereinbefore specified."

Appellant contends that since appellee was a supplier of materials to a subcontractor the appellee does not fall within the terms of the statute.

In Zarrs v. Keck, 40 Neb. 456, 58 N. W. 933 (1894), a person who supplied materials to a subcontractor of a subcontractor was held to be entitled to a mechanic's lien. In the case at bar, the issue being raised by a demurrer, it is undisputed that the appellee furnished the supplies and materials in the value claimed. There is no reason for this court to construe the statute so as to exclude appellee from its benefits simply because it furnished material to a subcontractor of a contractor. We conclude that one who supplies material used in the construction of an improvement is not excluded from the benefits of the mechanic's lien law solely because the materials so used were furnished to a subcontractor of a contractor.

The remaining issue is whether the mechanic's lien law requires a written itemization of all materials furnished under the provisions of section 52-103, R. S. Supp., 1978, which provides in part: "Any person entitled to a lien under section * * * 52-102 shall make an account in writing of the items of labor * * * or material furnished * * * shall * * *

file the same in the office of the register of deeds * * *."

The mechanic's lien statement filed by the appellee contains the street address for the property on which the materials were furnished along with the words "materials purchased for construction" and a monetary amount of $378.92. The mechanic's lien statement also states that the materials set out in the account were furnished for "Chuck Tramp Drywall."

The object of the mechanic's lien law being to secure the claims of those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions. LaPuzza v. Prom Town House Motor Inn, Inc., 191 Neb. 687, 217 N. W. 2d 472 (1974). The object of the statute in permitting an account for labor and materials furnished to be filed for record is to apprise persons dealing with the real estate of the existence of such claim for a lien. Portsmouth Savings Bank v. Riley, 54 Neb. 531, 74 N. W. 838 (1898).

The mechanic's lien statement filed by the appellee was certainly sufficient to put others on notice, including the appellant, Krueger Construction Company, that the appellee was claiming a mechanic's lien in the amount of $378.92 for materials supplied to Chuck Tramp Drywall for construction improvements on the specified piece of property described in the mechanic's lien statement.

The evidence supports the judgment of the District Court.

AFFIRMED.