D. E. SEDGWICK, APPELLEE, v. GEO. W. DIXON ET AL., APPELLANTS.

1. **Usury.** Where a promissory note secured by mortgage based in part upon an usurious consideration is transferred before maturity to a *bona fide* purchaser for value, without notice, and in the usual course of business, he takes it free from the defense of usury. *Wortendyke v. Meehan,* 9 Neb., 221.

2. **Attorney's Fee.** An attorney's fee under the act of February 18, 1872, when allowable should "be fixed" and allowed by the trial court upon a recovery of judgment by a plaintiff, and when once fixed within the statutory limits the amount thereof will not be changed by the supreme court.

APPEAL from York county district court. Heard below before NORVAL, J.

*Scott & Gilbert,* for appellants.

*Sedgwick & Power,* for appellee.

COBB, CH. J.

This action was brought in the district court of York county to foreclose a mortgage executed on real property situated in the said county by the appellants to the Phœnix Mutual Life Insurance Company. Judgment was rendered for the plaintiff in the district court, and the cause is brought to this court on appeal by the defendants.

The only defense presented by the pleadings is, that the consideration for the note to secure which the mortgage was given was usurious. And defendants set out in their answer the facts upon which their said plea of usury is based: 1. That said Phœnix Mutual Life Insurance Company agreed to loan the defendants the sum of seven hundred dollars for five years at ten per cent interest payable

35

semi-annually, but that said Phœnix Mutual Life Insurance Company only actually paid or delivered to said defendants the sum of six hundred and eighteen dollars, and took therefor their principal note, due in five years and twenty-two days, for seven hundred dollars, and their nine interest or coupon notes for thirty-five dollars each, and one interest or coupon note for thirty-nine dollars and twenty-seven cents.

Defendants also deny in their answer that Juliette H. Lawrence and Frank Tipton purchased the said note and mortgage in good faith and before the maturity thereof, but allege that they purchased the same with full knowledge of the facts in the said answer before stated, etc.

If the note was usurious in the hands of the Phœnix Mutual Life Insurance Company, but was by it sold before maturity to a purchaser who received it *bona fide* for value and in the usual course of business, and who afterwards transferred it to the plaintiff, then the defense must fail as completely as though there were nothing in the pleadings or proof to establish usury in the inception of the transaction.

It appears from the pleadings and testimony that the note became due on the first day of May, 1883, and that on the 28th day of March, of the same year, the note was sold and assigned to Juliette H. Lawrence for its value, and without notice of its usurious character. Mrs. Lawrence having been called to the stand to prove the above facts was submitted to a searching cross-examination. But from the findings of the court we must presume that she sustained herself throughout, not only in the assertion of her own *bona fides* and want of notice or knowledge of the usurious character of the note, if such it had, but of its having been purchased by herself without the intervention of an agent, and in the usual course of *her own business;* and I cannot say that there was not sufficient evidence before the court to sustain such findings.

Having reached the above conclusion it becomes unnecessary to examine whether the transaction was usurious as between the original parties to the note, or the subordinate question as to whether Moore and Ocoboc were the agents of the loaner or of the borrower, or the question raised by counsel for the plaintiff, whether upon the assumption that the husband of Juliette H. Lawrence acted as her agent in the purchase of said note it was incumbent upon the plaintiff to negative his knowledge or notice of the usurious character of the note, if such it had, or whether on the other hand the burden of proof again shifted upon proof of the *bona fides* and want of knowledge or notice of the purchaser herself. These are all interesting questions, but a press of business and the near approach of the next term admonish me to resist the temptation to enter upon their discussion at this time.

The note in this case contained a clause for the payment of an attorney's fee equal to ten per cent of the amount found due to the holder of the note in case of its collection by law. The district court found that fifty dollars was a reasonable attorney's fee for the services performed in that court, and awarded the plaintiff that sum. Counsel for appellee, in the brief, now contend that as by reason of the appeal to this court appellants having made further service of attorneys necessary, this court ought to award them an additional sum.

The act of February 18, 1873, Gen. Stat., 98, which was in force at the date of the transaction we are now considering, did not contemplate the naming of a particular or definite sum in a note or mortgage which the maker would pay as an attorney's fee, but it simply empowered the court in the class of cases therein mentioned to award to the plaintiff an attorney's fee not exceeding ten per cent of the recovery. But this is to be awarded to the plaintiff upon "a recovery of judgment," and no power is

granted this court to enlarge such award upon affirming such judgment on appeal.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.