GILEAD P. CHENEY, APPELLANT, v. JURGEN JANSSEN ET AL., APPELLEES.

1. **Usury**: BONA FIDE PURCHASER OF NOTES. Where usury is pleaded as a defense, and the testimony before the court is that the plaintiff purchased the negotiable notes in question before maturity for an adequate valuable consideration, and without notice of the usury, he will take such notes free from the defense of usury.

2. **Mortgage**: DECREE OF CANCELLATION : BONA FIDE PURCHASER NOT AFFECTED. Where an action is brought against a mortgagee to cancel certain promissory notes and a mortgage to secure the same upon real estate, and a decree is obtained against such mortgagee, a *bona fide* purchaser before maturity of such notes without notice, who was the owner of the same when the action was brought and was not made a party to the action, will not be affected by the decree.

3. **Limitation of Actions**: MORTGAGEE: EVIDENCE. An action to foreclose a mortgage may be brought at any time within ten years from the time the cause of action accrues, and in said action the notes continue as evidence of the debt, and may be set out in the petition to foreclose, until the action of foreclosure is barred.

APPEAL from Johnson county district court. Heard below before BROADY, J.

MAXWELL, CH. J.

On March 12th, 1885, the plaintiff filed a petition in the court below, stating his cause of action to be:

That on January 24th, 1876, the defendant Janssen made and delivered to one Mary Whyte his six promissory notes of that date, payable to said Mary Whyte, or order. One note for $200, due five years after date; one note for $20, due one year after date; one note for $20, due two years after date; one note for $20, due three years after date; one note for $20, due four years after date; one note for $20, due five years after date, for value received.

That on the same day defendant Janssen and his wife executed and delivered to said Mary Whyte a mortgage on the north half of the south-west quarter and the north-west quarter of the south-east quarter of section 12, township 6, range 10, in Johnson county, to secure the afore mentioned notes, which mortgage was recorded on February 3rd, 1876, in the recorder's office of said county.

That before any of the said notes became due the same were endorsed by said Whyte to the plaintiff, who ever since has been and still is the owner and holder thereof.

That said indebtedness is due and unpaid.

The plaintiff prays that said mortgage may be foreclosed, the land sold, and proceeds applied to the payment of said indebtedness, costs, and attorney's fees.

The summons is dated March 12th, 1885, and was served March 18th, 1885.

On March 30th, 1885, the defendants filed an answer, wherein they admit that said Janssen made and delivered to Mary Whyte the notes set out in plaintiff's petition, and to secure the same made the mortgage mentioned. They deny that said notes or mortgage, or any of them, were

ever transferred to the plaintiff before maturity, or that he is the *bona fide* owner thereof, and they deny every other allegation in the petition.

Usury in the original transaction is alleged, and it is alleged that no assignment of the mortgage sued on from Whyte to plaintiff was ever made and recorded. It is also alleged "that on August 22nd, 1879, defendant Janssen commenced suit to cancel and discharge from record two mortgages against Mary Whyte and P. D. Cheney, alleging the usurious nature thereof, and brought into court $200, in full, praying that said mortgage sued on be satisfied of record. Said Whyte and Cheney entered their appearance, and on April 9th, 1880, the court found generally against said Whyte, that there was due her $200. The same was then brought into court and there yet remains, and by that decree the mortgage mentioned in plaintiff's petition was cancelled and satisfied of record. Said decree remains in full force. Wherefore defendant prays that plaintiff be allowed to recover no more than $200 without interest. That by reason of said decree all questions are *res adjudicata.*"

On May 1st, 1885, plaintiff filed a reply, denying that Mary Whyte entered her appearance in the suit of Janssen against Mary Whyte and P. D. Cheney, and denies that the questions are *res adjudicata.* In November, 1885, a trial was had, and a decree rendered in favor of the plaintiff for the sum of $237.60.

The following deposition contains all the testimony in relation to the transfer of the notes and mortgage:

Deposition of Gilead P. Cheney, taken June 6th, 1885: I am the plaintiff; reside in Denver, Colorado; am the owner of the notes and mortgage sued on; purchased them all from P. D. Cheney, June 24th, 1876; paid $208 therefor then; took papers and have owned them ever since; was abstract of title with same, showing title of land to be good in Janssen; was also with papers a declaration of no

set off, signed by J. Janssen, stating that he had no defense to make against the notes; I was convinced by same that Janssen had no defense to make against the debt; I asked P. D. Cheney what the notes and mortgage were given for; he informed me that they were given for money loaned at ten per cent interest; I had been in Johnson county in the neighborhood of land; land is about ten miles from Tecumseh, the county seat; was satisfied the security was ample; had no knowledge of usury in the transaction; knew nothing further than what I have stated; would not have purchased the notes if I had any notice or knowledge of usury or other illegality in the transaction; was well acquainted with Mary Whyte, and when I bought papers I understood they belonged to her; was familiar with her signature; had seen her write often; knew endorsements on notes to be genuine; since I commenced this suit have been informed by my attorney, B. F. Perkins, that in 1879 Janssen had a suit against Mary Whyte to cancel this mortgage; I never heard of such suit, directly or indirectly, until spring of 1885, when I heard it of Mr. Perkins; if there was such a suit I had no notice of it nor anything to do with it; have kept the notes and mortgage as long as I could do so for the benefit of the twelve per cent interest, the debt being well secured.

There was no cross-examination. But this testimony was sufficient *prima facie* to show him to be a *bona fide* purchaser of the notes in question before maturity, and there being no testimony to the contrary, the court should not have found otherwise.

2. The proceedings to cancel the mortgage in question, which were instituted in 1879 against Mary Whyte and P. D. Cheney, could not affect the plaintiff, if prior to their maturity he had purchased the notes in question for a sufficient consideration, and they had been indorsed and delivered to him. It is unnecessary to determine in what cases the security will follow the debt, as the plaintiff testifies

that he is the owner of the notes and mortgage, and that he took the papers and has owned them ever since the 24th day of June, 1876. As the testimony shows that the plaintiff was not a party to the action in 1879, the decree in that case as to him is a nullity.

3. That the action is barred upon the notes after the expiration of five years. This question was before this court in *Cheney v. Woodruff*, *ante p.* 124, and after careful consideration it was held, in an action to foreclose the mortgage, the notes continued in force as evidence of the debt until the action of foreclosure was barred. That decision in our view is correct, and is adhered to. The legislature having extended the time in which to bring the action to ten years, it is but reasonable to suppose that all the incidents necessary to give full effect to the decree when rendered should continue in force. The court therefore erred in holding otherwise. The decree of the court below is reversed and a decree will be entered in this court for the amount due.

DECREE ACCORDINGLY.

THE other judges concur.