SOPHIA M. EGGERT, APPELLEE, V. ADOLPH BEYER ET AL., IMPLEADED WITH JACOB FLURY, APPELLANT.

FILED FEBRUARY 5, 1895. No. 5682.

1. **Mortgages:** ASSIGNMENT: PAYMENT: PRINCIPAL AND AGENT. One Beyer made a mortgage on his real estate to one Tallant to secure the negotiable promissory note of the former. Tallant sold and assigned the mortgage debt to C. A. Eggert, and the latter recorded the assignment to him in the office of the register of deeds of the county where the mortgaged premmises were situate. C. A. Eggert, before the maturity of the

mortgage debt, sold and assigned it to Sophia M. Eggert, and she neglected to record the assignment to her. Beyer then sold the mortgaged premises to one Flury, and he paid the mortgage debt to Tallant, the mortgagee. In a suit by Sophia M. Eggert to foreclose the mortgage, *held,* (1) that the evidence supported the finding of the district court that Tallant had neither real nor apparent authority as Sophia M. Eggert's agent to collect the mortgage debt ; (2) that the record of the assignment of the mortgage from Tallant to C. A. Eggert was notice to Flury that Tallant had sold his interest in the mortgage debt ; (3) that the mortgage and the note it was given to secure belonged to the legal holder of the note, and if Flury desired to pay it off and have the mortgage released he should have paid the money only upon surrender to him of the note.

2. ———: STATUTES: RECORD OF ASSIGNMENT. Section 39, chapter 73, entitled "Real Estate," Compiled Statutes, 1893, construed, and *held,* (1) that such statute should be strictly construed; (2) that the statute is a legislative command that the registry laws shall not be so construed as to make the record of the assignment of a mortgage notice to the mortgagor that the debt has been assigned.

3. ———: ASSIGNMENT: NOTICE TO MORTGAGOR: PAYMENT TO MORTGAGEE. In the absence of statutory enactments to the contrary, the general rule is if a mortgage be given to secure a debt not evidenced by negotiable paper, then the mortgagor, in the absence of actual knowledge that the mortgagee has assigned the debt which it secures, will be protected in making payment to the original mortgagee.

4. ———: ———: PAYMENT. Notwithstanding the statutes permit a mortgage assignment to be recorded, a mortgagor is not obliged, before making payment of his debt, to consult the record for the purpose of ascertaining if the mortgage has been assigned. He may still pay the mortgage debt and be protected in the same manner as he would prior to the enactment of the registry law allowing mortgage assignments to be recorded. If the mortgage secures a non-negotiable debt, in the absence of actual knowledge of its assignment he may pay it to the mortgagee. If the mortgage secures a debt evidenced by negotiable paper he must at his peril pay it to the legal owner and holder of such paper.

5. ———: ———: ———. Notwithstanding said statute, one who purchases negotiable paper, secured by a real estate mortgage, in the ordinary course of business, before the maturity of such

paper and for a valuable consideration, cannot be deprived of the security created by such mortgage by a payment of the mortgage debt made by the mortgagor to the mortgagee, whether or not the purchaser of such mortgage debt has caused the assignment of the mortgage to him to be recorded in the office of the register of deeds where the mortgaged premises are situate.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

The facts are stated by the commissioner.

*Greene & Hostetler,* for appellant:

The payment to Tallant discharged the lien of the mortgage. (*Mason v. Beach,* 55 Wis., 607 ; *Mallory v. Mariner,* 15 Wis., 189 ; *Stewart v. McMahan,* 94 Ind., 389 ; *Mabie v. Hatinger,* 48 Mich., 341 ; *Coutant v. Servoss,* 3 Barb. [N. Y.], 128 ; *Evertson v. Ogden,* 8 Paige Ch. [N. Y.], 275 ; *Swartz v. Leist,* 13 O. St., 419.)

*Ricketts & Wilson* and *Dryden & Main,* contra, cited : *Baily v. Smith,* 14 O. St., 413 ; *Allen v. Everly,* 24 O. St., 97 ; *Webb v. Hoselton,* 4 Neb., 318 ; *Moses v. Comstock,* 4 Neb., 520 ; *Sedgwick v. Dixon,* 18 Neb., 545 ; *Cheney v. Janssen,* 20 Neb., 128 ; *Windle v. Bonebrake,* 23 Fed. Rep., 165 ; *Stiger v. Bent,* 111 Ill., 338 ; *Jones v. Smith,* 22 Mich., 360 ; *Burhans v. Hutcheson,* 25 Kan., 625 ; *Smith v. Kidd,* 68 N. Y., 130 ; *Bragley v. Ellis,* 32 N. W. Rep. [Ia.], 254 ; *Lee v. Clark,* 1 S. W. Rep. [Mo.], 142 ; *Daniels v. Densmore,* 32 Neb., 43.

RAGAN, C.

On the 10th day of March, 1886, one Adolph Beyer was the owner of a tract of land in Buffalo county, and on said date he borrowed of one Thomas B. Tallant $200. As an evidence of this loan Beyer and his wife, Christina, on said date made and delivered to Tallant a promissory note for said sum of $200, drawing interest at the rate of

ten per cent per annum, payable semi-annually, the interest evidenced by ten coupons of $10 each attached to said principal note. The principal note and coupons were payable to the order of Thomas B. Tallant at his office in Muscatine, Iowa, and the principal note was to mature on the 1st day of March, 1891. On said 10th day of March, 1886, Beyer and wife, to secure the payment of said note and the interest thereon according to its tenor, executed and delivered to said Tallant a mortgage upon their said land in Buffalo county, and the mortgage was duly recorded in the office of the register of deeds of said county. On the 30th day of June, 1886, there was filed in the office of the recorder of deeds of Buffalo county an assignment of said real estate mortgage from said Tallant to one C. A. Eggert. March, 1889, Adolph Beyer and wife sold and conveyed this real estate to one Jacob Flury, and he then paid to Tallant the principal and interest of said loan made by him to Beyer. This suit was brought in equity in the district court of Buffalo county by Sophia M. Eggert to foreclose the mortgage given by Beyer to Tallant. Beyer and his wife and one Paul Beyer were also made parties, but no one appeared for them, and their connection with this case need not be further noticed. Jacob Flury was also made a party to the foreclosure suit, and defended the action on the ground that he had in March, 1889, paid the mortgage debt. The district court rendered a decree in favor of Sophia M. Eggert, foreclosing the mortgage as prayed in her petition, and Flury has appealed.

The district court found, and the evidence supports its finding, that Sophia M. Eggert was an innocent purchaser before due for value, in the ordinary course of business, of the notes and coupons and mortgage in controversy in this suit, without any notice of the fact, either actual or constructive, that Flury, the purchaser of the land, had in 1889 paid to Tallant, the original mortgagee, said mortgage debt. It appears from the record that whatever interest Beyer paid

on this loan prior to his sale of the land to Flury he remitted, or caused to be remitted, to Tallant, the original mortgagee, and that Tallant returned the coupons to pay which the remittances were made by Beyer. It also appears that some of the remittances made by Beyer to pay interest coupons which matured after November 17, 1887, the date Sophia M. Eggert purchased the mortgage debt, were made to Tallant, the original mortgagee, and that he returned the coupons to pay which such remittances were made. It is argued here by appellant that these facts or circumstances are sufficient to show that Tallant had the authority, real or apparent, of Sophia M. Eggert for collecting interest on this mortgage loan after she became the owner of it; and that, therefore, Flury was justified in believing that Tallant, the original mortgagee, was the agent of the owner of the mortgage loan in March, 1889, when he remitted money to pay it; and that Flury's payment of the mortgage debt to Tallant should be held a payment to Sophia M. Eggert. The district court, however, has found this contention against the appellant, and it must suffice to say that such finding is not unsupported by the evidence.

In *Webb v. Hoselton*, 4 Neb., 308, it was held : "A *bona fide* purchaser, for value, of a negotiable promissory note, secured by a mortgage, before maturity and without notice, takes the mortgage as he does the note, discharged of all equities which may exist between the original parties;" and it was further held in this case that " the mortgage is a mere incident to the debt, and passes with it." (See, also, *Moses v. Comstock*, 4 Neb., 516; *Sedgwick v. Dixon*, 18 Neb., 545; *Cheney v. Janssen*, 20 Neb., 128 ; *Daniels v. Densmore*, 32 Neb., 40.) At the time Flury purchased the real estate of Beyer there was of record in the office of the register of deeds of the county where such real estate was situate not only the mortgage made by Beyer to Tallant, but an assignment by Tallant of all his interest in that mortgage to one C. A. Eggert, of Johnson county, Iowa,

and this assignment had been of record in Buffalo county since June 30, 1886. Here, then, was notice to Flury that Tallant did not own the Beyer mortgage, and Flury, by remitting the money to pay it to Tallant, did so at his peril. The mortgage followed the debt and the debt was evidenced by negotiable promissory notes, all of which the record showed, and Flury might have protected himself by the exercise of ordinary prudence. This mortgage and the note it was given to secure belonged to the legal holder of the note, and if Flury desired to pay it off and have the mortgage released he should have paid the money only upon surrender to him of the notes.

Counsel for appellant seem to think that the failure of Sophia M. Eggert to have recorded in Buffalo county the assignment made to her of the Beyer mortgage was such negligence on her part as should preclude her recovery in this case; that as one of two innocent parties must suffer, she should bear the loss rather than Flury, because her neglect to have her assignment recorded led Flury to pay the money to the original mortgagee. The facts in this record do not bring appellant within the protection of this rule. Flury himself is not an innocent purchaser. His loss is the result of his own negligence. He knew that Tallant, the original mortgagee, did not own this mortgage, and he made no effort whatever to ascertain who the owner of the mortgage was; nor did he remit to Tallant the amount of the mortgage debt in such a manner as to require him to surrender the notes, coupons, and mortgage upon his receipt of the remittance. (*Stiger v. Bent,* 111 Ill., 328; *Windle v. Bonebrake,* 23 Fed. Rep., 165.) In *Burhans v. Hutcheson,* 25 Kan., 625, it was held: "The *bona fide* holder of negotiable paper, transferred to him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of the mortgage, or bring home to the mortgagor actual notice of such assignment, in order to protect himself against pay-

ments made after the assignment without his knowledge or consent by the mortgagor to the mortgagee." (See also *Lee v. Clark*, 89 Mo., 553; *Reeves v. Hayes*, 95 Ind., 521.)

Section 39, chapter 73, entitled "Real Estate," Compiled Statutes, 1893, provides: "The recording of an assignment of a mortgage shall not in itself be deemed notice of such assignment to the mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them or either of them to the mortgagee." The argument of appellant is that by the provisions of this statute the fact that Tallant assigned the Beyer mortgage to C. A. Eggert and that such assignment was recorded in Buffalo county, yet, in the absence of actual knowledge of these facts, Beyer would have been justified in paying the mortgage debt to the original mortgagee and protected in such payment; and as appellant had succeeded to all the rights of Beyer and assumed the mortgage debt, he was justified in paying it to Tallant, the original mortgagee, and protected in so doing. But this statute must be strictly construed. It provides that the recording of an assignment of a mortgage shall not be deemed notice of such assignment to the mortgagor. Flury is not a mortgagor. He is a purchaser of this real estate and is not, therefore, within the statute. We do not certainly know where this law originated, nor the reason which led to its enactment. Such a statute is in force in California, Kansas, Minnesota, New York, Wisconsin, Wyoming, and perhaps other states of the Union. In *Burhans v. Hutcheson*, 25 Kan., 625, this statute, or one like it, was construed, and the court held that the statute should be interpreted as having application to mortgages standing alone or those securing debts or notes of a non-negotiable character only, and that it had no application whatever to mortgages securing negotiable paper. Without express statutory authority, an assignment of a mortgage is not entitled to be recorded, but by section 46, chapter 73, Compiled Statutes, 1893, a mortgage assign-

ment, duly executed, is entitled to record. In the absence of statutory enactments to the contrary the general rule undoubtedly is, if a mortgage be given to secure a debt not evidenced by negotiable paper, then the mortgagor, in the absence of actual knowledge that the mortgagee has assigned the debt which it secures, will be protected in making payment to the original mortgagee. The statute under consideration has not changed this rule. The true intent and meaning of this statute is that although by the provisions of the registry laws a mortgage assignment is entitled to be recorded, and after such record is notice to persons purchasing mortgaged premises or mortgage debt, yet the record of such assignment is not of itself notice to the mortgagor that the mortgage and the debt it secures have been assigned by the mortgagee. In other words, the statute is a legislative command that the registration law shall not be so construed as to make the record of the assignment of a mortgage notice to the mortgagor that the mortgage debt has been assigned. If a mortgage be given to secure a debt evidenced by negotiable paper, then the mortgagor does not owe the debt to the mortgagee personally, but to the legal holder of the negotiable paper, and will be protected in paying such debt only by paying it to the legal holder of such paper; and generally would make payment to the original mortgagee or creditor at his peril. The statute in question has not changed or attempted to change this rule. In other words, notwithstanding the statutes permit a mortgage assignment to be recorded, a mortgagor is not obliged, before making payment of his debt, to consult the record for the purpose of ascertaining if the mortgage has been assigned. He may still pay the mortgage debt and be protected in the same manner as he would prior to the enactment of the registry laws allowing mortgage assignments to be recorded. If the mortgage secures a non-negotiable debt, in the absence of actual knowledge of its assignment, he may pay it to the mort-

gagee; if the mortgage secures a debt evidenced by nego-
tiable paper, he must at his peril pay it to the legal owner
and holder of such paper.    We accordingly hold that, not-
withstanding this statute, one who purchases negotiable
paper secured by a real estate mortgage, in the ordinary
course of business before the maturity of such paper and for
a valuable consideration, cannot be deprived of the security
created by such mortgage nor of the debt by a payment
thereof made by the mortgagor to the original mortgagee,.
whether or not the assignee of such mortgage debt has
caused an assignment of his mortgage to be recorded in the
office of the register of deeds where the mortgaged premises
are situate.·  It must be borne in mind that in this case we
hold that Flury is not an innocent purchaser of the prem-
ises, and what has been said above in reference to the
rights of an innocent purchaser of negotiable paper secured
by real estate mortgage is to be limited to . the rights and
liabilities of mortgagor, and mortgagee, and such purchaser
of such paper.    Flury does not come within the rule of
*Whipple v. Fowler*, 41 Neb., 675, and the rule announced
herein in reference to the rights of a *bona fide* purchaser
of negotiable paper secured by real estate mortgage, when
such debt has been paid by the original mortgagor, has
no reference to the rights of such *bona fide* purchaser or
innocent purchaser of the real estate when the mortgage
thereon has been released by the original mortgagee.    The
decree of the district court is

AFFIRMED.