### J. H. TILDEN v. S. H. STILSON.

FILED OCTOBER 7, 1896. No. 6729.

1. **Chattel Mortgages: ASSIGNMENT OF NOTE: PRINCIPAL AND AGENT.** A sale and transfer of a negotiable note secured by mortgage operates as an assignment of the mortgage, and the transferee is not bound by the subsequent contracts of the original mortgagee with reference to the mortgaged property, in the absence of a relationship of principal and agent between them.

2. **Replevin: DEMAND: COSTS.** A defendant in replevin who unsuccessfully seeks to establish a right of possession in himself is liable for costs, although no demand was pleaded or proved.

ERROR from the district ·court of Hamilton county. Tried below before BATES, J.

*Howard M. Kellogg* and *A. W. Agee*, for plaintiff in error.

*P. Likes* and *Whitmore & Carr, contra.*

IRVINE, C.

One John Hiatt, June 1, 1889, executed to J. D. Ferguson, Jr., a chattel mortgage on two mules and certain

other property to secure a negotiable promissory note. August 17, 1889, he, with Jerome Hiatt, executed to the Westinghouse Company another chattel mortgage on the same mules, together with other property, a portion at least of which was not included in the Ferguson mortgage. Hiatt also, at other times, contracted to sell certain corn,—a portion to Stilson and a portion to W. H. Ferguson,—the purchasers making certain payments thereon in advance. The Ferguson mortgage, among other things, covered growing corn which J. D. Ferguson claimed was the same corn which W. H. Ferguson and Stilson claimed under the contract of sale. Tilden, as agent for the Westinghouse Company, took possession of the mules and other property under that mortgage. Stilson, claiming to have purchased the J. D. Ferguson mortgage, brought this action in replevin to recover the mules. At the close of the testimony the court directed a verdict for the plaintiff. The defendant brings the case here by proceedings in error, claiming, in the first place, that the peremptory instruction to find for the plaintiff was erroneous.

In addition to the foregoing facts, it appeared that before the J. D. Ferguson note matured it was transferred, for value and by general indorsement, to the Farmers & Merchants Bank of York. About the 1st of January, 1890, the note not having been paid, J. D. Ferguson took steps to enforce the mortgage. He seems to have replevied the corn, and finding Tilden in possession of the mules under the Westinghouse mortgage, he made an arrangement with Tilden whereby Tilden should proceed to sell the mules under that mortgage. In the meantime J. D. Ferguson was to exhaust the other property covered by his mortgage, and if it proved insufficient to discharge the debt, then Tilden was to apply so much of the proceeds of the sale of the mules as might be necessary to supply the deficiency. Thereafter Stilson, finding his and W. H. Ferguson's claim to the corn jeopardized by the J. D. Ferguson mortgage, took up the note secured

by said mortgage, paying to the Farmers & Merchants Bank what was due thereon, the officer transacting the business for the bank indorsing the note, and at the same time writing the words "without recourse" above what had been the general indorsement of Ferguson. Tilden proceeded to sell the mules under process foreclosing the Westinghouse mortgage, and became himself the purchaser at the sale, knowing at that time that Stilson was claiming under that mortgage. It was immediately after this sale that the action was instituted.

It is claimed by the plaintiff in error that the cause should have been submitted to the jury at least on the issues as to whether the J. D. Ferguson note had in fact been sold to the bank, and if so, whether Ferguson had authority from the bank to make the agreement with Tilden which the proof shows was made. We do not think, however, that the evidence was of such a character as to warrant a submission of these issues to the jury. We cannot find that the evidence of the sale of the Ferguson note to the bank is in anywise impeached or contradicted. Nor can we find that there is any evidence that Ferguson had any authority from the bank to waive its rights. It is true the evidence shows that Mr. Williams, who was conducting the business of the bank, was aware that Ferguson was seeking to subject the property to the payment of the mortgage. The bank being aware of this and not interfering, it would doubtless be bound by his acts in foreclosing the mortgage. But it does not appear that the bank knew anything about Ferguson's agreement to permit the mules to be retained and sold by Tilden. If Ferguson had authority from the bank to foreclose the mortgage, this would not imply authority to surrender the bank's right of possession to a junior mortgagee and so, in effect, waive the bank's prior lien upon the property, in exchange for a personal remedy for an accounting against the junior mortgagee. The transfer of a note secured by chattel mortgage, as in the case of a real estate mortgage, operates as an assignment of the

mortgage itself. (*Harman v. Barhydt*, 20 Neb., 625.) By the transfer of the note to the bank, the bank became the owner of the mortgage, and thereafter its rights could not be impaired by the acts of the original mortgagee, except in so far as an agency existed between them. The case is analogous in principle to *Eggert v. Beyer*, 43 Neb., 711, and *Stark v. Olsen*, 44 Neb., 646, where it was held that the payment of negotiable notes secured by real estate mortgage to the original payee did not, as against a *bona fide* holder of the notes for value, operate to discharge the mortgage. Ferguson's acts were therefore entirely without authority from the then holder of the mortgage, and did not estop either the bank or Stilson, its assignee, from asserting its prior right of possession.

It is also argued that, no demand upon Tilden having been proved, the defendant's motion to tax the costs against the plaintiff should have been sustained. When a defendant in replevin asserts ownership or right of possession in himself, the plaintiff cannot be subjected to the costs of litigating the issue thus thrust upon him, and in such case he is entitled, upon a verdict in his favor, to judgment for costs. (*Homan v. Laboo*, 1 Neb., 204; *Pyle v. Warren*, 2 Neb., 241; *Aultman v. Steinan*, 8 Neb., 109; *Rodgers v. Graham*, 36 Neb., 730.)

JUDGMENT AFFIRMED.