MARY T. HERBAGE, APPELLEE, V. REBECCA J. MOODIE ET AL., APPELLANTS.

FILED JUNE 3, 1897.   No. 7305.

1. **Mortgages:** ASSIGNMENT: REGISTRATION: PAYMENT: INNOCENT MORTGAGEE.   Moodie mortgaged her real estate to Toncray to secure the payment to him or order of her negotiable promissory note. Toncray sold and indorsed the note before maturity and delivered it and the mortgage securing the same to the indorsee.   The indorsee did not record his assignment of the mortgage.   Moodie conveyed the real estate to Sheperd subject to the Toncray mortgage.   Sheperd, before the maturity of the Toncray mortgage, executed a mortgage on the real estate to Campbell, the consideration for which was a loan from Campbell to Sheperd.   Campbell

paid $36 of this loan to Sheperd and retained the remainder for the purpose of discharging the Moodie-Toncray mortgage debt, and paid the sum retained to Toncray in discharge of that debt, it not then being due, and Toncray released the Moodie mortgage. Toncray was not then the owner of the debt secured by the Moodie mortgage nor was he the agent of the owner. *Held,* (1) That Campbell was not an innocent mortgagee of the real estate, nor entitled to a lien on the premises, as against the indorsee of the Moodie note; (2) that Campbell was entitled to a lien upon the premises as against Moodie to secure the sum of $36 only.

2. ———: PAYMENT: AGENCY. The Moodie mortgage contained this provision: "That these presents are upon this condition: that if the said Rebecca Moodie shall pay to the said C. H. Toncray, his heirs, assigns, or legal representatives, the principal sum, etc., then this mortgage shall be void." *Held,* Not an agreement between the mortgagor and the mortgagee constituting the latter the agent of the indorsee of the note which the mortgage secured.

3. Agency. B is the agent of A; C is B's agent, but C is not necessarily A's agent.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J. *Reversed.*

*Uriah Bruner* and *M. McLaughlin,* for appellants.

*C. C. McNish* and *T. M. Franse, contra.*

RAGAN, C.

Mary T. Herbage brought suit to foreclose a real estate mortgage in the district court of Cuming county, making Rebecca J. Moodie, Katherine Sheperd and husband, and Mary E. Campbell defendants. Miss Herbage had a decree, and the defendants named have appealed.

1. There is no substantial conflict in the evidence and the facts necessary to an understanding of the case are as follows: On the 23d of November, 1885, Rebecca Moodie owned a tract of land in Cuming county. On said date she executed her promissory note for $400, drawing interest at seven per cent, payable semi-annually, from December 1, 1885. This note was payable to the order of C. H. Toncray, and matured December 1, 1890. To secure the payment of this note Rebecca

Moodie executed and delivered to Toncray a mortgage upon her real estate, which was duly filed and recorded in the office of the recorder of deeds of said county about the date of said note and mortgage.   Subsequently, but before the maturity of said note, Rebecca Moodie conveyed this real estate to one Langworthy, subject to the Toncray mortgage, and he, prior to the maturity of the Toncray note, conveyed the real estate to the appellant Katherine Sheperd, subject to the Toncray mortgage. In November, 1890, Katherine Sheperd executed her note to the appellant Mary E. Campbell for $450, and secured the same by mortgage upon her real estate.   This transaction was the consummation of a loan made by Mary E. Campbell to Katherine Sheperd, but Mary E. Campbell did not pay over the $450 to Katherine Sheperd, but reserved of said loan $414, the amount that it would then take to pay and discharge the Toncray mortgage debt, and undertook to so pay off and discharge said Toncray debt out of this loan of $450 made to Katherine Sheperd. The remainder of the loan, $36, was paid by Mary E. Campbell to Katherine Sheperd, or to her order.   Mary E. Campbell paid the $414 to Toncray, the person to whom Rebecca Moodie had made the $400 note and mortgage, and made such payment before the maturity of the Moodie note.   Soon after the execution of the note and mortgage by Moodie to Toncray he indorsed the note in blank and transmitted it and the mortgage securing the same to a man named Calder in the state of New York and charged the face of the note to Calder's account. This man Calder, at that time and for some time afterwards, seems to have been in the habit of sending money to Toncray for investment in real estate loans.   On receipt of such money, Toncray would give Calder credit for it.   He would then make a loan on real estate, indorse the note in blank, and transmit the note and mortgage to Calder and charge Calder's account with the amount of the loan.   On receipt of the Moodie note and mortgage Calder sold and delivered it, with the mortgage se-

curing it, to one William Herbage, who retained the note and mortgage until his death, and upon the settlement of his estate it passed to his daughter the appellee herein. Toncray was in the habit of collecting the interest on loans made by him and remitting this interest to Calder when he had sold the mortgage debts to Calder. Calder, if he owned the coupons, would return them to Toncray and he would deliver them to the mortgagors. In the case at bar it seems that Herbage would apply to Calder for the semi-annual interest on the Moodie loan. Calder would pay it to him and then Herbage would surrender the coupon to Calder, and Calder, on receiving the interest on the Moodie loan from Toncray, would remit to him the coupons. It does not appear that Toncray ever knew that Herbage owed the Moodie loan or that Herbage knew anything about the method of business between Toncray and Calder. When Mary E. Campbell paid to Toncray the Moodie loan it seems that Toncray never remitted the same to Calder. When Toncray sold and assigned the Moodie note and mortgage to Calder no formal assignment of the mortgage was made.

These being the established facts in the case, it remains but to inquire what the equities and rights of the parties are. Mary E. Campbell is not an innocent mortgagee of this real estate and not entitled to a lien upon this property as against the Moodie mortgage. At the time Mary E. Campbell took her mortgage the Moodie mortgage stood unsatisfied of record and the debt which it secured had not matured. She dealt, then, with this property at her peril. The payment of the $414 made by Mary E. Campbell to Toncray was not a payment and discharge of the Moodie mortgage, because Toncray did not own the debt which that mortgage secured, nor was he the agent of the owner and holder of that debt. (*Eggert v. Beyer*, 43 Neb., 711; *Stark v. Olsen*, 44 Neb., 646; *Bull v. Mitchell*, 47 Neb., 647; *Richards v. Waller*, 49 Neb., 639; *Porter v. Ourada*, 51 Neb., 510.) Mary E. Campbell is not entitled to a lien on this real estate to the full extent of

her mortgage debt as against Katherine Sheperd. A part of the consideration of Mary E. Campbell's mortgage was the payment of the Moodie mortgage. When Mary E. Campbell undertook to pay the debt secured by the Moodie mortgage she undertook to pay that debt to the legal owner and holder of that debt. Not having done this, she is not entitled to a lien on these premises as against the owner of them for anything further than the sum of $36. The district court was of opinion that the entire consideration for the Mary E. Campbell mortgage had failed and dismissed her cross-petition. In this respect we think the district court erred. Since Katherine Sheperd received the benefit of $36 of that loan, Mary E. Campbell is entitled to enforce her mortgage on the premises to that extent, subject to the first lien of Mary T. Herbage thereon.

2. The mortgage made by Moodie to Toncray contained this provision: "That these presents are upon this condition: that if the said Rebecca Moodie * * * shall pay to the said C. H. Toncray, his heirs, assigns, or legal representatives, the principal sum, etc., * * * then this mortgage shall be null and void." It is somewhat extensively argued here that this provision of the mortgage conferred express authority upon Toncray to collect the debt which the mortgage was given to secure. No authority is cited to sustain this contention, nor do we think one can be found. This was a part of the defeasance found in almost every mortgage that when the debt which the mortgage secures has been paid or the promise which the mortgage was given to secure has been performed the conveyance should cease to be of any force; but it does not amount to an agreement between the mortgagor and the mortgagee that the mortgagee should be the agent of the indorsee of the note which the mortgage secured and that a payment made to the mortgagee should discharge the mortgage; nor was it intended to have any such effect.

Another argument somewhat strenuously insisted on

here is that the payment made by Mary E. Campbell to Toncray discharged the Moodie mortgage, because Toncray was the agent of William Herbage. We do not think he was. It may be that the relations between Calder and Herbage were such that had Mary E. Campbell paid this money to Calder and he embezzled it the payment would have protected Mary E. Campbell; but if Calder was Herbage's agent, it does not follow that Calder's agent was, therefore, Herbage's agent.

The decree appealed from is reversed and the cause remanded, with instructions to the district court (1) to enter a decree in favor of Mary T. Herbage for the full amount due on the Moodie mortgage, making it a first lien upon the premises; (2) to give Mary E. Campbell a second lien upon the premises for $36 and seven per cent interest from the date of her loan; and to tax the entire costs of all these proceedings to Mary E. Campbell and Mary T. Herbage in such proportion as the district court may deem just.

REVERSED AND REMANDED WITH INSTRUCTIONS.