JOHN C. JORDAN, APPELLEE, v. JOHN ALLEN, DEFENDANT:
CHARLES A. HETZEL, INTERVENER, APPELLANT.

FILED JUNE 26, 1918.   No. 20080.

1. Error cannot be predicated upon a direction to return the only
   verdict that the record will sustain.

2. Replevin: Costs. "A defendant in replevin who unsuccessfully
   seeks to establish a right of possession in himself is liable for
   costs, although no demand was pleaded or proved." *Tilden v.
   Stilson*, 49 Neb. 382.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

. *E. D. Crites* and *F. A. Crites*, for appellant.

*C. Patterson* and *Lloyd H. Jordan*, contra.

DEAN, J.

This is a replevin action commenced by John C. Jordan
in the district court for Sheridan county to obtain posses-
sion of 800 bushels of wheat that was raised by John
Allen on land owned by Charles A. Hetzel, defendant.
Hetzel, who intervened, filed an answer and cross-peti-
tion asserting ownership. At the close of the testimony
the court directed a verdict for plaintiff for 750 bushels
of the wheat. The grain having been sold, defendant re-
covered $42.80, that being the surplus that remained
after plaintiff's claim and expenses were paid. Each
party was required to pay his own costs. The intervener
as defendant has appealed.

By the terms of an oral lease between Hetzel and Allen
made in the fall of 1914, the crops were to be divided
equally between them. Allen gave a mortgage to "The
Fair," a general merchandising concern at Gordon, on
his half interest in 100 acres of growing wheat and some
corn that was in shock on the farm, and also some live
stock. Plaintiff purchased the note and mortgage in suit
from "The Fair." The instruments are both dated

September 26, 1914, and the mortgage was recorded February 4, 1915. They were executed while Allen was living on Hetzel's land.

Hetzel's claim to the wheat in suit was based in part on an assignment from Allen to him, dated November 14, 1914, and acknowledged July 26, 1916. It was offered in evidence, but excluded on the ground that the question at issue "relates to the ownership and possession" at the time of the commencement of the suit, namely November 26, 1915. The discrepancy between the dates that appears on the assignment is not explained. Hetzel harvested the wheat in 1915, and he maintains that Allen, having abandoned the premises, forfeited his claim to the crop, and that the mortgage was invalid on that ground as well as upon other grounds. Defendant also contends that the chattel mortgage in evidence is void for uncertainty of description. He resisted plaintiff's claim on both grounds. To support his argument respecting uncertainty of description defendant cites *Wattles v. Cobb,* 60 Neb. 403. But that case is not in point. There is an element here that was lacking in the *Wattles* case. Hetzel recognized the mortgage in evidence as being a valid instrument both as to the corn and the wheat before plaintiff bought it. While defendant earnestly insisted that he had no talk with the assignee of the mortgage, he admitted that he sold the corn that is described in the mortgage, and upon demand by W. W. Mills, manager of "The Fair," defendant paid to Mr. Mills half of the money that he received for the corn. This payment was made on November 17, 1914, the day after Allen, who then was insolvent, left the country, and the payment was indorsed on the note. The day following Allen's disappearance Hetzel and Mills went together from Gordon in a car a distance of eight miles to the farm to look after the stock and the property that was abandoned by Allen. On the following day they made another trip for the same purpose. Mills testified that the mortgage in question was talked about between Hetzel and himself on both trips,

and that later there was an agreement entered into that in effect provided that the winter wheat crop should be harvested by defendant and that the mortgagee should receive net a percentage of the grain that the evidence shows approximates the amount of wheat that was recovered by plaintiff. As consideration for Hetzel cutting the wheat, Mills agreed to take a less quantity of the grain than he was entitled to on the basis of an equal division. This was the second admission of the validity of the mortgage by defendant, but he denies all of this, and testified that he knew nothing about the mortgage when he paid Mills for one-half of the corn, but his admission of payment corroborates Mills' testimony. As a reason for dividing the money with Mills, Hetzel testified: "I done that so as to be good friends." It is unreasonable to believe under the circumstances that defendant was in ignorance of the lien, not only on the corn, but on the wheat as well. It appears that he treated the mortgage as a valid instrument throughout. Every interest of Mills' principal would be best subserved by telling Hetzel about the mortgage and all of the property that it covered. It was the reasonable thing for Mills to do.

From all of the facts considered together we conclude that defendant must be mistaken about the time when he first learned about the Allen mortgage, though he admits that Mills showed it to him in February, 1915. Defendant having recognized the right of plaintiff's assignor, the original mortgagee, to half of the corn and by cutting the wheat for a consideration, he cannot now be heard to challenge the validity of the mortgage. It seems to us that Hetzel had ample notice of plaintiff's lien and that he sufficiently recognized it so as to be charged with liability. The district court did not err in the direction that it gave to the jury.

Error cannot be predicated upon a direction to return the only verdict that the record will sustain. Defendant argues that in any event all of the costs should have been

taxed to plaintiff because the action was begun before demand was made for the property. The rule is that "a defendant in replevin who unsuccessfully seeks to establish a right of possession in himself is liable for costs, although no demand was pleaded or proved." *Tilden v. Stilson*, 49 Neb. 382.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.